**Raymond Desmond MURRAY,**
**Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–01035–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 26, 2008.

Discretionary Review Granted
Nov. 5, 2008.

Josh Barrett Schaffer, Houston, for appellants.

Donald W. Rogers, Jr., Houston, for State.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant was charged by indictment with the felony offense of making a false statement to obtain credit. Under a plea-bargain agreement, appellant pleaded "guilty" to misdemeanor forgery of a writing. Before the trial court rendered judgment, appellant filed a motion to withdraw his "guilty" plea, asserting that, if the trial court were to find him guilty of misdemeanor forgery of a writing, then the trial court's judgment would be void because the forgery offense is not a lesser-included offense of the offense charged in the in-dictment. The trial court disagreed and denied appellant's motion. On appeal, the State concedes that under *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007), the forgery offense is not a lesser-included offense of the offense charged in the indictment in this case. Nonetheless, the State asserts that *Hall* does not apply, or, in the alternative, appellant is estopped from asserting this complaint. We conclude that *Hall* applies and that, under the *Hall* analysis, the forgery offense is not a lesser-included offense of the offense charged in the indictment. In addition, we conclude that, under the facts in this record, appellant is not estopped from asserting this complaint. Accordingly, we reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Raymond Desmond Murray was charged by indictment with the third-degree felony offense of making a false statement to obtain credit in the amount of $20,000 or more but less than $100,000. Appellant and the State agreed to a plea bargain under which appellant would plead "guilty" to the offense of misdemeanor forgery of a writing and receive a sentence of six months in the county jail. Appellant pleaded "guilty" as agreed, and the trial court indicated it intended to follow the plea-bargain agreement. The trial court then took the case under advisement.

Thereafter, appellant retained new trial counsel and filed a motion to withdraw his "guilty" plea, asserting that, if the trial court were to find him guilty of forgery misdemeanor forgery of a writing, then the trial court's judgment would be void because the forgery offense is not a lesser-included offense of the offense charged in the indictment. In response, the State argued that the forgery offense is a lesser-included offense, and the trial court agreed. The trial court denied appellant's

motion to withdraw his "guilty" plea, found appellant guilty of misdemeanor forgery of a writing, and assessed punishment at six months in the Harris County Jail. The trial court set an appeal bond for appellant and subsequently gave appellant permission to appeal.[1]

## II. ISSUE AND ANALYSIS

In his first issue, appellant asserts that, under the analysis from *Hall v. State*, misdemeanor forgery of a writing is not a lesser-included offense of the offense charged in the indictment. *See* 225 S.W.3d 524, 525–31 (Tex.Crim.App.2007). Therefore, appellant asserts, the trial court's judgment is void and must be reversed. The State does not dispute that application of the analysis in *Hall* would result in the conclusion that forgery of a writing is not a lesser-included offense. The State, however, argues that *Hall* does not apply under the facts of this case.

### A. Does the analysis from *Hall v. State* apply?

■ On appeal, the State concedes that, if *Hall* applies, the forgery offense in the judgment would not be a lesser-included offense of the offense charged in the indictment. However, the State posits that *Hall* does not apply in the context of a case involving a plea bargain.

*Hall* involved the propriety of a lesser-included offense instruction in a jury trial; it did not involve a plea-bargain agreement. *See Hall*, 225 S.W.3d at 525–31. Accordingly, we conclude that the case at hand is not within the holding in *Hall*. Nonetheless, this court still should follow judicial dicta from the Court of Criminal Appeals, inasmuch as these statements constitute deliberate and unequivocal declarations of the law made after mature consideration and for future guidance of the bench and bar. *See McLendon v. State*, 167 S.W.3d 503, 507–08 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd) (following declaration of law in prior Court of Criminal Appeals case under the doctrine of judicial dictum); *LeBlanc v. State*, 138 S.W.3d 603, 606 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (stating that, as an intermediate court of appeals, this court is bound by the Court of Criminal Appeals's deliberate and unequivocal declarations of criminal law); *see also Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex.2007) (concluding that statements in prior Texas Supreme Court cases were judicial dicta that the court of appeals should have followed). In *Hall*, the Court of Criminal Appeals stated, *inter alia*, the following:

> The laws in our nation have taken four approaches to lesser-included offenses, which have been labeled "strict-statutory," "cognate-pleadings," "cognate-evidence," and "inherently related."
>
> Some states permit a lesser included-offense [sic] instruction only when all of the statutory elements of the lesser offense are contained within the statutory elements of the greater offense. This has been called the strict statutory approach.
>
> Many states have found this approach to be inflexible, and have adopted standards that permit an instruction even when the lesser offense is not composed of a subset of the statutory elements of the greater crime. This approach is

---

1. *See* TEX.R.APP. P. 25.2(a)(2)(B). Prior to the trial court's most recent certification of appellant's right to appeal, the State asserted that this court lacked jurisdiction because subsections (A) and (B) of Rule 25.2(a)(2) did not apply. *See* TEX.R.APP. P. 25.2(a)(2). However, after the trial court's most recent certification, it is clear that the trial court has given appellant permission to appeal and that this court has appellate jurisdiction. *See id.*

known as the "cognate" theory, and it is the majority approach. There are two significantly different versions of the cognate theory, which mirror the two divergent lines of authority in our own cases.

One is known as the "cognate-pleadings" approach, in which the court looks to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense.

The other cognate approach is known as the "cognate-evidence" approach, a more liberal approach in which the court includes the facts adduced at trial in its lesser-included offense analysis.

The fourth, and most liberal, view is the one reflected in the Model Penal Code, which permits a lesser-included offense instruction on any offense that is "inherently related" to the greater offense.

. . .

In this state, the answers to questions about lesser-included offenses must be based on Article 37.09 of the Code of Criminal Procedure, which was Texas' first general statute that defined lesser-included offenses.

. . .

Article 37.09 became effective on January 1, 1974, as a conforming amendment in the new Penal Code Act. Rather than providing a list of greater and lesser offenses, it set out general definitions of a lesser-included offense that apply to all offenses:

An offense is a lesser[-]included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

The problematic definition is in Article 37.09(1)-specifically the term "facts required to establish."

[lengthy discussion of *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App.1975) ]

Instead of seeing the statute as providing alternate definitions of lesser-included offenses, the proper reading follows the bulk of the court's analysis in *Day:* the statute sets out the two-step process of first looking at the charging instrument to discern the lesser-included offenses and next determining whether the evidence at trial supports giving one of these predetermined lesser-included offense instructions.

. . .

This court has said on a number of occasions that when the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses ... If the evidence determines whether an offense is included within the alleged offense, the results would be different.

The [United States Supreme] Court indicated that there might be a constitutional violation [of defendant's right to notice of the charge against him] if the relationship were based on evidence rather than the pleaded elements....

Our Code of Criminal Procedure also recognizes that the charging instrument should include all of the elements of the offenses with which the defendant is charged. Article 21.03 commands, "Everything should be stated in an indictment which is necessary to be proved." Determining lesser-included offenses from the evidence at trial instead of from the elements of the offense listed on the charging instrument fails to adhere to this directive.

Another problem with the evidence approach is that the Supreme Court compares elements of offenses, rather than conduct or evidence, to decide when successive prosecutions violate the Double Jeopardy Clause of the Fifth Amendment. In the absence of a contrary expression of legislative intent, the elements of offenses, as they are pleaded in the indictment, also are compared to decide whether multiple punishments violate the Double Jeopardy Clause. Problems could result if lesser-included offenses were determined by a comparison of evidence at trial, while jeopardy issues were determined by a comparison of the statutory elements as alleged in the charging instrument, for conviction bars prosecution for a greater or lesser-included offense.

. . .

We now hold that the pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction . . .

The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Hall*, 225 S.W.3d at 525–36 (footnotes omitted).

The State asserts that *Hall* does not apply to cases involving plea bargains and that this court instead should apply the "cognate-evidence" or "inherently related" approaches rather than the "cognate-pleadings" approach used in *Hall*. After careful consideration of the opinion of the *Hall* court, we conclude that the Court of Criminal Appeals's pronouncement that the "cognate-pleadings" approach should be used to determine whether an offense is a lesser-included offense to the charged offense was intended for future guidance of the bench and bar. The *Hall* court's statements are a deliberate and unequivocal declaration of the law. Therefore, this court follows this judicial dictum, even though the issue at hand involves a plea bargain rather than a jury charge. *See McLendon*, 167 S.W.3d at 507–08; *LeBlanc*, 138 S.W.3d at 606. For the reasons explained below, we are unpersuaded by the State's arguments urging application of a different approach.

The State argues that one of the reasons given by the *Hall* court in support of its approach is based on a defendant's constitutional right to notice of the charges against him and that this right is not at issue when a defendant pleads "guilty." Even presuming that this premise is correct, the *Hall* court provided three other reasons for the adoption of its approach (as stated in the above quotation), and these reasons apply in the context of a "guilty" plea. *See Hall*, 225 S.W.3d at 531–33. In addition, in the past the Court of Criminal Appeals has applied article 37.09 of the Texas Code of Criminal Procedure and *Day v. State* to the analysis of

lesser-included offense issues in the context of a "guilty" plea. *See Ex parte McClelland,* 588 S.W.2d 957, 958–59 (Tex. Crim.App.1979) (holding that, in that case, murder was a lesser-included offense to capital murder and therefore defendant could plead "guilty" to murder even thought indicted for capital murder). Therefore, we will apply the "cognate-pleadings" approach from *Hall.*

## B. Is forgery of a writing a lesser-included offense of the offense charged in the indictment?

 The statutory elements of making a false statement to obtain credit, as modified by the particular allegations in the indictment, are as follows:

(1) appellant

(2) intentionally or knowingly

(3) made a materially false or misleading written statement to obtain credit for himself

(4) and the value of the credit was at least $20,000 or more but less than $100,000.

*See* TEX. PENAL CODE ANN. § 32.21 (Vernon 2003). We then compare these elements with the elements of the lesser-included offense of forgery of a writing that could be included in that offense:

(1) appellant

(2) with intent to defraud or harm another

(3) forges a writing by

(A) altering, making, completing, executing, or authenticating any writing so that it purports:

(i) to be the act of another who did not authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A); or

(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B).

*See* TEX. PENAL CODE ANN. § 32.21 (Vernon Supp.2007). We then ask the question that article 37.09(1) poses: Are the elements of the purported lesser-included offense "established by proof of the same or less than all the facts required to established the commission of the offense charged"? *See Hall,* 225 S.W.3d at 536. The answer is that they are not. The facts required to prove the lesser-included offense include forgery of a writing, facts that are not the same as, or less than, the facts required to establish the offense charged. *See id.* In addition, forgery of a writing is not a lesser-included offense under the other three parts of article 37.09. *See* TEX.CODE CRIM. PROC. ANN. art. 37.09(2),(3),(4) (Vernon 2005). Although the State asserted in the trial court that forgery of a writing is a lesser-included offense, the State correctly acknowledges on appeal, that forgery of a writing is not a lesser-included offense under *Hall's* "cognate-pleadings" approach.

We conclude that forgery of a writing is not a lesser-included offense of the offense charged in the indictment. Therefore, the trial court's judgment based on forgery of a writing is void.[2] *See Ex parte Sewell,*

---

**2.** In part of its appellate brief, the State asserts the trial court would not be deprived of jurisdiction and the trial court's judgment would not be rendered void even if forgery of a writing is not a lesser-included offense of making a false statement to obtain credit as charged in the indictment. The State has not cited, and this court has not found, any cases

606 S.W.2d 924, 925 (Tex.Crim.App.1980) (concluding that conviction for theft was void because this offense was not a lesser-included offense of the burglary charged in the indictment); *Houston v. State,* 556 S.W.2d 345, 347 (Tex.Crim.App.1977) (concluding that conviction for rape was void because this offense was not a lesser-included offense of the burglary with intent to commit rape charged in the indictment); *Hall v. State,* 81 S.W.3d 927, 931 (Tex. App.-Dallas 2002) (holding that judgment on conviction for aggravated assault by threat was void because this offense was not a lesser-included offense of the murder charged in the indictment), *aff'd on other grounds,* 225 S.W.3d 524 (Tex.Crim.App. 2007); *Foster v. State,* 834 S.W.2d 494, 497 (Tex.App.-Houston [14th Dist.] 1992, no pet.) (concluding that conviction for aggravated assault was void because this offense was not a lesser-included offense of the burglary with intent to commit aggravated assault charged in the indictment). A void judgment cannot stand.

The State argues that this court should hold that appellant is estopped from urging on appeal that the judgment is void.

## C. Is appellant estopped from asserting on appeal that the judgment is void?

 Although estoppel takes various forms, in general, it is a legal doctrine that prevents a party, in certain situations, from asserting a claim, right, or argument that contradicts what that party previously has said or done. *See Rhodes v. State,* 240 S.W.3d 882, 889–92 (Tex.Crim.App.2007). The Court of Criminal Appeals recently held that a party who agreed to, helped procure, and enjoyed the benefits of an illegally lenient judgment is estopped from collaterally attacking that judgment, even though the collateral attack may correctly show that the judgment is void. *See id.* For the purposes of our analysis, we presume, without deciding, that the doctrine of estoppel, as a general matter, may be applied to the appellant's first issue, in which he argues that the trial court's judgment is void because misdemeanor forgery of a writing is not a lesser-included offense of the offense charged in the indictment. The State asserts that appellant is estopped from so arguing because he induced or caused the trial court to convict him of the offense of forgery of a writing. Although the State and appellant did initially announce a plea bargain under which appellant would plead "guilty" and be convicted of forgery of a writing, when the trial court convicted him of this offense and rendered the judgment that appellant argues is void, it did so over appellant's objection that any such judgment would be void because misdemeanor forgery of a writing is not a lesser-included offense of

---

holding that the trial court's judgment is not void when the trial court renders judgment on a conviction for an offense that is not charged in the indictment and that is not a lesser-included offense of the offense charged in the indictment. Nonetheless, even if such a judgment were merely erroneous rather than void, as the State urges, the result in this case would not be different because appellant preserved error on his first issue in the trial court. In his motion to withdraw his "guilty" plea, appellant voiced the complaint raised in his first appellate issue, and the trial court rejected this complaint and denied this motion. Therefore, even if the trial court's error

did not void the judgment, this court still would conclude that the trial court abused its discretion by denying appellant's motion to withdraw his "guilty" plea. *See Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. 1979) (stating that, once trial court takes case under advisement following a "guilty" plea, defendant loses his absolute right to withdraw the plea, and the trial court has discretion to allow or disallow defendant to withdraw the plea); *Rivera v. State,* 952 S.W.2d 34, 36 (Tex.App.-San Antonio 1997, no pet.) (holding trial court abused its discretion by denying defendant's motion to withdraw nolo contendere plea).

the charged offense. The trial court rendered judgment after it denied appellant's motion to withdraw his "guilty" plea, and after appellant implored the trial court not to convict him of forgery of a writing but rather to allow the parties to return to the status of the case before the plea bargain and proceed under the indictment for making a false statement to obtain credit.

In addition, this case is a direct appeal from the judgment that appellant alleges is void. If appellant's position is sustained, he will return to the trial court facing a felony indictment for making a false statement to obtain credit. Unlike the defendant in the *Rhodes* case and other cases involving estoppel in the context of collateral attacks on a judgment, appellant has not received the benefits of the void judgment. *See Rhodes,* 240 S.W.3d at 889–92. Indeed, the author of the *Rhodes* opinion has indicated that estoppel may not be appropriate in the context of a direct appeal from the challenged judgment. *See id.* at 892 n. 57; *Ex parte Williams,* 65 S.W.3d 656, 660 (Tex.Crim.App.2001) (Keller, P.J., concurring). In sum, appellant's position on appeal is the same as the position he asserted when the trial court rendered the challenged judgment. Appellant did not induce or cause the trial court to render this judgment, and appellant has not enjoyed any benefit from the void judgment that will not be lost if this court sustains his challenge to the judgment. For these reasons, we conclude appellant is not estopped from asserting that the judgment is void.

Appellant's first issue is sustained.[3]

### III. Conclusion

Under the analysis from *Hall v. State,* forgery of a writing is not a lesser-included

offense of the offense charged in the indictment. Therefore, the trial court's judgment based on forgery of a writing is void. Appellant is not estopped from challenging the judgment on this basis. Accordingly, we reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

---

3. Appellant asserts, and we agree, that this court need not address his second and third issues if it sustains his first issue.