

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1055-08

**RAYMOND DESMOND MURRAY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., delivered the unanimous opinion of the Court.**

Pursuant to an agreement, appellant pled guilty in district court to a misdemeanor offense. This misdemeanor offense was not included within the charged offense under the cognate-pleadings test adopted in *Hall v. State*.[1]  After the case was taken under advisement, appellant objected to further proceedings on this offense.  We hold that the cognate-pleadings test adopted in *Hall* applies to all prosecutions, whether trial is had before judge or jury.  We also hold that, under the

---

[1] *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).

circumstances presented here, appellant was not estopped from complaining. Accordingly, we affirm the judgment of the court of appeals.

## I. BACKGROUND

Appellant was charged by indictment with the third-degree felony offense of making a false statement to obtain credit in the amount of $20,000 or more but less than $100,000.[2] Pursuant to an agreement for a sentence of six months in the county jail, he pled guilty to the offense of misdemeanor forgery of a writing.[3] The trial court indicated that it intended to follow the plea agreement but then took the case under advisement.

Appellant subsequently retained new trial counsel and filed a motion to withdraw his guilty plea. He asserted that, if the trial court were to find him guilty of misdemeanor forgery of a writing, the trial court's judgment would be void because the forgery offense was not charged in the indictment. In response, the State argued that misdemeanor forgery of a writing was a lesser-included offense, and the trial court agreed. The trial court denied appellant's motion to withdraw his guilty plea, found him guilty of misdemeanor forgery of a writing, and assessed punishment at six months in the Harris County Jail.

After an extensive discussion of our opinion in *Hall*, the court of appeals held that the cognate-pleadings approach applies in the plea-bargain context.[4] Applying that analysis, the court then held that forgery of a writing was not a lesser-included offense of the false-statement-to-obtain-

---

[2] *See* TEX. PENAL CODE §32.32.

[3] *See* TEX. PENAL CODE §32.21.

[4] *Murray v. State*, 261 S.W.3d 255, 257-60 (Tex. App.–Houston [14th Dist.] 2008).

credit offense charged in the indictment.[5] The court of appeals then concluded that the trial court's judgment was void,[6] or in the alternative, that the trial court committed reversible error that was preserved by appellant's objection.[7] Finally, because appellant had objected at trial and had raised his complaint on direct appeal, the appellate court rejected the State's claim that appellant was estopped from challenging the voidness of the trial court's judgment.[8]

## II. ANALYSIS

The State now contends that *Hall* does not apply to the situation before us and urges us to adopt a "cognate evidence" or "inherently related" approach to determining lesser-included offenses in a plea bargain context. Alternatively, the State argues that appellant is estopped from challenging the judgment here.[9]

### A. *Hall*

---

[5] *Id.* at 260.

[6] *Id.* at 260-61.

[7] *Id.* at 260 n.2.

[8] *Id.* at 261-62.

[9] The State's grounds for review are:

1. Did the court of appeals err by applying the cognate-pleading test, which is applicable only in a contested jury trial, to determine whether the offense of misdemeanor forgery is a lesser offense of the charged offense of making a false statement to obtain credit for which a district court can lawfully convict in a plea-bargained guilty plea such as that in this case?

2. Did the court of appeals err by failing to hold appellant estopped from complaining that the trial court's judgment is void because his plea bargained conviction for misdemeanor forgery is not a lesser-included offense of the charged offense where he sought and requested that conviction?

District courts have jurisdiction over felonies, misdemeanors involving official misconduct, and misdemeanor cases transferred to the district court pursuant to article 4.17.[10] The misdemeanor of which appellant was convicted falls within none of these categories. A district court in a felony case also has jurisdiction over a misdemeanor that is "included in the indictment": "Upon trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor."[11]

The question, then, is what makes an offense "included" in the charging instrument for the purpose of jurisdiction under article 4.06. To answer this question, we employ the usual rule of statutory construction articulated in *Boykin v. State*: we interpret a statute in accordance with the plain meaning of its text, unless the statute is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[12] Elsewhere in the Code of Criminal Procedure, in article 37.09, the Legislature has chosen to define what constitutes a lesser-included offense.[13] Consistent with article 4.06, article 37.09 defines an offense as lesser-included with reference to the charging instrument.[14] Nothing in the language of article 37.09 limits its use to jury

---

[10] TEX. CODE CRIM. PROC. art. 4.05. *See also id.*, art. 4.17.

[11] *Id.*, art. 4.06. In a felony case, a defendant who is represented by counsel may waive indictment in open court or by written instrument and consent to be charged by information. *Id.*, art. 1.141. Presumably, a defendant who waives indictment stands in the shoes of an indicted individual for all other purposes, and the district court would have jurisdiction over a misdemeanor included in the resulting information.

[12] 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[13] *See* TEX. CODE CRIM. PROC. art. 37.09.

[14] *Id.*, providing (emphasis added):

trials. It is apparent from a reading of articles 4.06 and 37.09 that the Legislature intended the provisions to work together: article 37.09 defines what constitutes a lesser-included offense, while article 4.06 ensures that the trial court has jurisdiction to render judgment on such an offense.

The State advances a number of arguments in support of its contention that the plain language of the statutes in question does not require applying article 37.09 to this case. First, the State contends that the placement of article 37.09 within chapter 37, and immediately after article 37.08, shows the Legislature's intent that article 37.09 apply only to jury trials. The State argues that chapter 37 generally addresses the verdict of the jury and that article 37.08 specifically addresses the jury's authorization to find a defendant guilty of a lesser-included offense.

Chapter 37 is entitled "The Verdict," and most of its provisions relate to a jury's verdict, but not all of them do. Most significantly, article 37.07 contains a provision regarding what evidence may be considered during the punishment phase of a noncapital trial, and begins with the phrase,

---

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense *charged*;

(2) it differs from the offense *charged* only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense *charged* only in the respect that a less culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to commit the offense *charged* or an otherwise included offense.

"[r]egardless of the plea and whether the punishment be assessed by the judge or the jury."[15] A form of this provision that includes this introductory phase has existed in article 37.07 since 1965.[16] The Legislature was presumably aware of this fact when it enacted the current version of article 37.09 in 1973.[17] Moreover, the previous version of article 37.09, enacted in 1965, had language that even more closely mirrored the language of article 4.06, in that it simply listed various offenses and specified which other offenses were "include[d]."[18]

It is true that article 37.08 authorizes the jury to find lesser-included offenses, but article

---

[15] *Id.*, art. 37.07, §3(a)(1).

[16] TEX. CODE CRIM. PROC. art 37.07, §2(b)(1965).

[17] *See* Acts 1973, 63rd Leg., ch 399, §2(A), eff. Jan. 1, 1974.

[18] *See* TEX. CODE CRIM. PROC. art. 37.09 (1965), which provided (emphasis added):

The following offenses *include* different degrees:

1. Murder, which *includes* all lesser degrees of culpable homicide, and also assault with intent to murder;

2. An assault with intent to commit any felony, which *includes* all assaults of an inferior degree;

3. Maiming, which *includes* aggravated and simple assault and battery;

4. Burglary, which *includes* every species of house breaking and theft or other felony when charged in the indictment in connection with the burglary.

5. Riot, which *includes* unlawful assembly.

6. Kidnapping or abduction, which *includes* false imprisonment.

7. Every offense against the person *includes* within it assaults with intent to commit said offense, when such attempt is a violation of the penal law.

37.09 is not contained within article 37.08, and nothing in article 37.09 requires that it apply only to situations covered by article 37.08. Additionally, the 1965 version of article 37.08 used the phrases "including lower offenses" and "lower offense included" for what the statute now refers to as "lesser included offense(s),"[19] which suggests that the Legislature did not accord talismanic significance to the slightly different ways of phrasing the concept of lesser-included offenses.

The State points to Chapter 4 as a contrast, contending that Chapter 4 applies to "trials and other proceedings not involving a jury." The State is mistaken in this regard. Chapter 4 defines when courts have jurisdiction. Jurisdiction is a predicate that must be established before there can be a bench or a jury trial.

The State next points to the difference in the wording between the current versions of article 4.06 on the one hand, and articles 37.08 and 37.09 on the other. Article 4.06 uses the phrase "offense included in the indictment" while articles 37.08 and 37.09 use the phrase "lesser included offense(s)." We see no significance in the slight difference in phrasing here. First, article 37.09 does use the word "included" in one of its subdivisions in a way reminiscent of the language in article 4.06.[20] More importantly, all of the statutes in question focus on the relationship of the lesser offense to the charging instrument. *Hall*'s application of the cognate-pleadings test under article 37.09 reinforces the notion that the provision should be construed consistently with article 4.06, which even more clearly focuses on the charging instrument. And, as we noted above, the Legislature

---

[19] TEX. CODE CRIM. PROC. art. 37.08 (1965); *see also* HISTORICAL NOTE, TEX. CODE. CRIM. PROC. ANN. art. 37.08 (Vernon's 1981).

[20] *See* TEX. CODE CRIM. PROC. art. 37.09 (4)("it consists of an attempt to commit the offense charged or an otherwise *included* offense")(emphasis added).

varied the phrasing slightly in its previous enactment in 1965, with the wording in article 37.09 being slightly more similar to article 4.06 than to article 37.08.

The State also contends that nothing in article 37.09 shows that it was intended to apply outside of Chapter 37. But nothing in article 37.09 restricts its definition of lesser-included offenses to Chapter 37 and, as discussed above, the language of that provision and of article 4.06, both past and present, strongly indicates that the provisions were intended to work together.

The State next contends that article 4.06 does not apply to plea-bargained guilty plea proceedings. The State claims that article 4.06 applies only to a proceeding that is a "trial" and that a plea-bargained guilty plea proceeding is not a "trial." But this argument proves too much. The State has already conceded that the forgery offense in appellant's case does not meet the cognate-pleadings test under *Hall* and cannot constitute a lesser-included offense under article 37.09. If article 4.06 does not apply to a plea-bargained guilty plea proceeding, then no provision confers upon the district court the jurisdiction to render a judgment on the misdemeanor offense of which appellant was convicted.

The State contends that, absent article 4.06, "there is no statute defining, limiting, or otherwise restricting the types of lesser offenses for which conviction" may be had. But the State's contention is incorrect. The Texas Constitution provides that the district courts have "original jurisdiction of all actions, proceedings, and remedies, except in cases where . . . original jurisdiction may be conferred by this Constitution or other law on some other court . . . ."[21] Article 4.05 gives the district courts jurisdiction over felonies and certain misdemeanors not at issue here, while articles

---

[21]T EX. CONST., Art. 5, §8.

4.07 and 4.08 confer jurisdiction over misdemeanors onto the county and justice courts.[22] The State needs article 4.06 to confer jurisdiction to the district court over the misdemeanor offense in this case.

In any event, we disagree with the State that article 4.06 does not apply to plea-bargained guilty pleas. The State relies upon the eighth edition of Black's Law Dictionary to define "trial" as: "A formal judicial examination of evidence and determination of legal claims in an adversary proceeding"[23] and to define "adversary proceeding as: "A hearing involving a dispute between opposing parties."[24] The State contends that, under these definitions, there was "neither a dispute or a contested factual or legal claim" to adjudicate. But a prior edition of Black's Law Dictionary defines "trial" more simply as: "A judicial examination and determination of issues between parties to an action."[25] The plea proceeding in this case would certainly meet that definition.

Even if we accept the State's proffered definitions, they do not prove that a plea-bargained guilty-plea proceeding is not a "trial."[26] Unlike civil cases, which can be settled out-of-court, in criminal cases plea agreements must be approved by the trial judge.[27] And unlike civil defendants,

---

[22] *See id.*, arts. 4.07 & 4.08.

[23] BLACK'S LAW DICTIONARY (8th ed. 2004).

[24] *Id.*

[25] BLACK'S LAW DICTIONARY (5th ed. 1979).

[26] We recognize that appellant's objection during the proceedings could be argued as a basis for finding a "dispute" under the State's reasoning, but we need not decide that question.

[27] TEX. CODE CRIM. PROC. art. 26.13(a)(2).

who must file a written answer to the plaintiff's complaint or risk a default judgment,[28] a criminal defendant may rely upon the presumption of innocence until the State proves its case beyond a reasonable doubt.[29] The proper way of looking at the situation before us under the State's definitions, then, is that the State's charging instrument and the defendant's presumption of innocence create a dispute that is then resolved by the trial judge's approval of the agreement. To hold otherwise would create the following anomaly. Suppose the trial judge refused to approve the agreement, and the parties elected to litigate the case before the jury. If the defendant pled guilty, both sides stipulated to the facts before the jury, and both sides argued to the jury for the same punishment, surely such a proceeding would be considered a trial even though none of the issues were contested.

Moreover, in recognizing the limited right to appeal from plea-bargained cases, statute provides that a trial judge must inform the defendant that permission from the judge is required to appeal any matter "except for those matters raised by written motions filed prior to *trial*."[30] Saying that a defendant who enters a plea agreement can appeal matters raised in motions filed before "trial" suggests that a trial occurs at some point in a plea agreement case.

The State further contends that "*Hall* appears by its language to restrict use of the cognate-pleadings test only to a case decided by a contested jury trial." In support of this contention, the

---

[28] *See* TEX. R. CIV. P. 99(c), 239.

[29] *See* TEX. CODE CRIM. PROC. art 38.03 ("All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.").

[30] *Id.*, art. 26.13(a)(3)(emphasis added).

State cites the following quotation from *Hall*: "We now hold that the pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction."[31]  But although this passage applies the cognate-pleadings approach in the jury trial context, it does not say that the approach applies only to jury trials.[32]

The State also contends that, in adopting the cognate-pleadings test, we emphasized in *Hall* that the cognate-evidence and inherently-related approaches would adversely impact a defendant's constitutional right to notice,[33] but the State argues that notice is not an issue in a plea bargain case. However, we also emphasized in *Hall* the adverse impact these approaches would have with respect to double jeopardy issues,[34] an effect that would still apply in the plea bargain context.

Moreover, attempts to distinguish the present case based upon some of the rationales discussed in *Hall* are somewhat beside the point.  Our decision in *Hall* construed the meaning of article 37.09.[35]  Because the definition of lesser-included offenses found in article 37.09 applies to article 4.06 (as discussed above), *Hall*'s construction of that definition necessarily controls.

Finally, the State contends that we should consider that "the public policy of this State favors and encourages plea bargaining in criminal cases."  The State does not suggest that public policy can by itself support a finding in its favor, and under *Boykin*, public policy would be an extratextual

---

[31]  *Hall*, 225 S.W.3d at 535.

[32]  What this passage does say is that the cognate-pleadings approach is the only approach used in the jury submission context for determining whether an offense is considered lesser-included.

[33]  *See id.* at 531-32.

[34]  *See id.* at 532-33.

[35]  *See Hall*, 225 S.W.3d at 526-27, *passim*.

factor that we could consider only if the statutory language were ambiguous or the plain meaning of the language led to absurd results that the legislature could not possibly have anticipated.[36] The statutory scheme is not ambiguous, and it does not lead to absurd results.

Even if the policy of encouraging plea bargaining were considered, the State has the ability to achieve the practical result reached in cases like this without running afoul of the statutory scheme. The State could obtain an indictment, or a waiver of indictment from the defendant,[37] for a felony offense that does include the misdemeanor offense the parties wish to be the subject of a plea-bargained judgment. Or perhaps the felony prosecutor could obtain the cooperation of a county attorney or other prosecutor in misdemeanor cases to plead the defendant to the misdemeanor in question in a court that has misdemeanor jurisdiction. In either event, the plea could be made in exchange for dismissal of the charged offense with prejudice. These alternate methods of handling the plea would avoid the potential double jeopardy problems associated with convicting someone of an offense that is not in fact a lesser-included offense of the offense charged.[38]

---

[36] *Ex parte Rieck*, 144 S.W.3d 510, 512 (Tex. Crim. App. 2004).

[37] *See* this opinion, footnote 11.

[38] We are aware of *Trejo v. State*, which held that a trial court was not deprived of jurisdiction over the charged offense by submitting to the jury an offense that purported to be, but was not in fact, a lesser-included offense. 280 S.W.3d 258, 261 (Tex. Crim. App. 2009). *Trejo* is distinguishable from the present case for at least two reasons. First, the court of appeals in the present case did not rely solely upon holding that the trial court's judgment was void due to a lack of jurisdiction; it issued the alternate holding that the trial court committed reversible error, even if its judgment was not void. In this case, the State is arguing that there is no error or that appellant is estopped from claiming error, but the State has not challenged the court of appeals's conclusion that, if there is error and appellant can claim it, then the error is reversible. Second, although it was not included in the indictment, the offense of which Trejo was convicted was a felony, *id.* at 259 (aggravated assault), *see* TEX. PENAL CODE §22.02, over which a district court can have jurisdiction, *see Trejo*, 280 S.W.3d at 263 (Keller, P.J., concurring), while the offense for which appellant was

## B. Estoppel

The State advances a number of theories of estoppel that it believes prevents appellant from challenging the judgment in this case: invited error,[39] estoppel by judgment,[40] estoppel by contract,[41] promissory estoppel, and quasi-estoppel. We assume, without deciding, that the State is not barred by a subject matter jurisdiction defect from advancing an estoppel claim.[42] Nevertheless, we determine that the State's estoppel claims fail here.

"[E]stoppel is a flexible doctrine that manifests itself in various forms that are not limited to unilateral requests.[43] In *Rhodes v. State*, we addressed "estoppel by judgment." In that type of estoppel, a party "who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences."[44] We also observed that a "close cousin" of estoppel by judgment is

convicted was a misdemeanor over which the district court was not authorized to exercise jurisdiction.

[39] *See Prystash v. State*, 3 S.W.3d 522, 531-32 (Tex. Crim. App. 1999).

[40] *See Rhodes v. State*, 240 S.W.3d 882, 889-92 (Tex. Crim. App. 2007).

[41] *See id.* at 891.

[42] *See id.* (a "challenge[] to the subject-matter jurisdiction of the court rendering the judgment" may be exempt from estoppel). *But see Trejo*, *supra*, discussed in this opinion, footnote 38; *McKinney v. State*, 207 S.W.3d 366, 376 (Tex. Crim. App. 2006)(Keller, P.J. concurring)(suggesting that estoppel could prevent a defendant from challenging a district court judgment on a misdemeanor offense that was not in fact included in the indictment if he requested submission of that offense so long as the court had subject matter jurisdiction over the charged offense).

[43] *Rhodes*, 240 S.W.3d at 891.

[44] *Id.*

"estoppel by contract" where "a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect."[45] We held that a party who accepts the benefit of a judgment that imposes an illegally lenient sentence is estopped from challenging the judgment at a later time.[46]

But appellant did not accept the benefits of the judgment of conviction in this case. Before judgment was rendered, he objected to proceeding further on the forgery offense, and his direct appeal of that judgment is now before us. The State contends that the trial court's initial announcement that it would follow the plea agreement, along with taking the case under advisement and resetting for sentencing, constituted a judicial order that appellant could be estopped from challenging. The State claims that appellant obtained a benefit from this order because he was able to avoid an "imminent pending trial." But even if we construed the trial court's interlocutory action of taking the case under advisement as an "order" that appellant could be estopped from challenging, the State is not really contending that appellant is estopped from challenging the trial court's decision to take the case under advisement and reset for final determination at a later date. The State is attempting to prevent appellant from challenging the final judgment, which appellant never accepted.[47]

The State also contends that appellant is estopped because the plea agreement constitutes a

---

[45] *Id.*

[46] *Id.* at 892.

[47] Because appellant objected at trial, we need not address whether a direct appeal would be sufficient by itself to defeat a claim that appellant had accepted the benefits of the judgment. *See id.* at 892 n.57.

contract, and he benefitted from that contract by avoiding an imminent pending trial. But no binding contract exists until the trial court accepts the plea agreement.[48] Appellant objected to the plea agreement before that had occurred.

With respect to the State's other theories of estoppel – invited error, promissory estoppel, and quasi-estoppel[49] – and even with respect to the theories of estoppel by judgment and contract addressed above, we think the State has misconceived the nature and consequences of a trial court's decision to take a case under advisement. The State relies upon *DeVary v. State*, which held that once the case has been taken under advisement, the trial court has discretion on whether to allow the defendant to withdraw his plea.[50] *DeVary* arose from a line of cases beginning with *Ralls v. State*.[51] In *Ralls*, we explained that the rule in jury trials was that a guilty "plea may be withdrawn and a plea of not guilty entered at any time before the jury retires to consider of its verdict."[52] We concluded that in bench trials, the trial judge "takes the place of the jury" so that the defendant retains the unqualified right to withdraw his plea at any time before the trial judge takes the case under

---

[48] *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007).

[49] We express no opinion regarding whether the doctrine of "invited error" can apply in the plea agreement context to what appears to be a "mutual" invitation, *but see Rhodes*, 240 S.W.3d at 891 (characterizing "invited error" doctrine as involving a "unilateral" request), nor do we express any opinion regarding whether and to what extent the doctrines of promissory estoppel and quasi-estoppel may exist in criminal law.

[50] 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel Op.] 1981)

[51] 151 Tex. Crim. 146, 205 S.W.2d 594 (1947).

[52] *Id.* at 149, 205 S.W.2d at 596.

advisement.[53]  As we explained in a later discussion recited in *DeVary*: "[A] defendant may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement."[54]

In the present case, appellant was not seeking to withdraw his plea simply because he wanted to.  He "assigned a reason" for withdrawing his plea – that the trial court could not validly render judgment on the forgery offense because it was not included in the indictment.  When the trial judge took this case under advisement, he still retained the ability to reject the plea agreement.  Under those circumstances, it was not too late to point out that the plea agreement was not viable because it was not allowed under the law.  A showing of bad faith on the defendant's part or substantial prejudice suffered by the State might perhaps defeat such an objection (though we do not decide such a question), but a need to reschedule the trial is not by itself sufficient.  We hold that appellant was not estopped from challenging the judgment in this case.

We affirm the judgment of the court of appeals.

Delivered: November 25, 2009
Publish

---

[53]  *Id.*

[54]  615 S.W.2d at 740 (quoting *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979)).