# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-15-00332-CR

---

**Terri Regina Lang, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 42185, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

---

## O P I N I O N

A jury convicted appellant Terri Regina Lang of the offense of organized retail theft involving merchandise valued at $500 or more but less than $1,500, *see* Tex. Penal Code § 31.16(b)(1), (c)(3), and the trial court assessed her punishment at confinement for 20 months in a state jail facility, *see id.* §§ 31.16(c)(3), 12.35. On original submission, this Court rejected appellant's challenge to the sufficiency of the evidence supporting her conviction, concluding that the organized retail theft statute permitted conviction of a person engaged in ordinary shoplifting acting alone. *Lang v. State*, No. 03-15-00332-CR, 2017 WL 1833477, at *3–7 (Tex. App.—Austin May 5, 2017) (mem. op., not designated for publication), *rev'd and remanded*, 561 S.W.3d 174 (Tex. Crim. App. 2018).

On discretionary review, the Court of Criminal Appeals disagreed and concluded that "the organized retail theft statute was not intended to apply to the conduct of an ordinary shoplifter acting alone" and, therefore, "requires proof of conducting, promoting, or facilitating some activity distinct from the mere activity inherent in the ordinary shoplifting of retail items by a single actor." *Lang v. State*, 561 S.W.3d 174, 183 (Tex. Crim. App. 2018). Because no such evidence was presented in this case, the court held that the evidence was legally insufficient to support appellant's conviction for the offense of organized retail theft, reversed our judgment, and remanded the case for this Court "to consider whether the judgment of conviction should be reformed to any lesser included offense." *Id.* at 184. On remand, we will reverse the trial court's judgment of conviction and render an acquittal.

## DISCUSSION[1]

When evidence has been found to be insufficient to support a conviction, reformation of the judgment of conviction to a lesser-included offense is required when: (1) in the course of convicting appellant of the greater offense, the jury necessarily found every element needed to convict the appellant of the lesser-included offense, and (2) the evidence that was presented at the appellant's trial is sufficient to support a conviction on that lesser-included offense. *Rabb v. State*, 483 S.W.3d 16, 21 (Tex. Crim. App. 2016); *Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014).

---

[1] The factual background of this case was fully discussed in the prior opinion of this Court, *see Lang v. State*, No. 03-15-00332-CR, 2017 WL 1833477, at *1 (Tex. App.—Austin May 5, 2017) (mem. op., not designated for publication), *rev'd and remanded*, 561 S.W.3d 174 (Tex. Crim. App. 2018), as well as in the opinion of the Court of Criminal Appeals, *see Lang v. State*, 561 S.W.3d 174, 176–77 (Tex. Crim. App. 2018), and will not be repeated here.

As an initial matter, we observe that when the evidence is found to be insufficient for the convicted offense, this Court's authority to reform a judgment of conviction is limited to lesser-included offenses of the offense of conviction. *See Thornton*, 425 S.W.3d at 298–99 (observing that appellate courts "should limit the use of judgment reformation to those circumstances when what is sought is a conviction *for a lesser offense* whose commission can be established from facts that the jury actually found") (emphasis added); *cf. Arteaga v. State*, 521 S.W.3d 329, 340 (Tex. Crim. App. 2017) (recognizing that rationale for *Bowen* and its progeny is that "a defendant should not receive the unjust windfall of an outright acquittal when there is legally sufficient evidence to prove that he is guilty *of a lesser-included offense*") (emphasis added). Thus, before we address the two inquiries relevant to determining whether to reform the judgment of conviction in this case, *see Rabb*, 483 S.W.3d at 21; *Thornton*, 425 S.W.3d at 299–300, we must examine whether the proposed offenses are lesser-included offenses.[2] In our analysis, we consider judgment reformation for two offenses: attempted organized retail theft and theft of property.

---

[2] While not expressly stated by the Court of Criminal Appeals as part of the judgment-reformation analysis, the determination of whether the offense for which a reformed judgment of conviction is sought is a lesser-included offense of the convicted offense is necessarily part of the analysis, as a trial court has no jurisdiction to convict a defendant of an offense not charged in the charging instrument unless that offense is a lesser-included offense of the crime charged. *See In re D.D.*, 101 S.W.3d 695, 696 (Tex. App.—Austin 2003, no pet.); *Hall v. State*, 81 S.W.3d 927, 929 (Tex. App.—Dallas 2002), *aff'd*, 225 S.W.3d 524 (Tex. Crim. App. 2007); *McLeod v. State*, 56 S.W.3d 704, 708 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see, e.g.*, *Ex parte Sewell*, 606 S.W.2d 924, 925 (Tex. Crim. App. 1980) (concluding that conviction for theft was void because offense was not lesser-included offense of burglary charged in indictment); *Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977) (concluding that conviction for rape was void because offense was not lesser-included offense of burglary with intent to commit rape charged in indictment); *Murray v. State*, 261 S.W.3d 255, 260–61 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex. Crim. App. 2009) (concluding that conviction for forgery of writing was void because offense was not lesser-included offense of offense of making false statement to obtain credit charged in indictment); *Hall*, 81 S.W.3d at

*Attempted Organized Retail Theft*

A person commits the offense of criminal attempt "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code § 15.01(a). As a matter of law, criminal attempt is a lesser-included offense of a completed offense. *See* Tex. Code Crim. Proc. art. 37.09(4) ("An offense is a lesser included offense if it consists of an attempt to commit the offense charged or an otherwise included offense."). However, when considering judgment reformation, appellate courts must still analyze whether, in the course of convicting the appellant of the greater offense, the jury necessarily found every element necessary to convict the appellant for the lesser-included offense. *Rabb*, 483 S.W.3d at 22; *see Thornton*, 425 S.W.3d at 300–01. The parties agree, though for different reasons, that reformation of the judgment of conviction in this case to the lesser-included offense of attempted organized retail theft is not appropriate. We agree.

No evidence in this case demonstrates that, with specific intent to commit "some activity undertaken with respect to stolen retail merchandise that goes beyond the conduct inherent in ordinary shoplifting," *see Lang*, 561 S.W.3d at 183, appellant committed an act that tended but failed to effect the commission of organized retail theft. That is, there is no evidence

931 (concluding that judgment of conviction for aggravated assault by threat was void because offense was not lesser-included offense of murder charged in indictment).

If the trial court lacks jurisdiction to convict, the judgment of conviction rendered is void. *See Sewell*, 606 S.W.2d at 925; *Houston*, 556 S.W.2d at 347; *Murray*, 261 S.W.3d at 260. Consequently, an appellate court could not render such a judgment. *See* Tex. R. App. P. 43.2(c) (authorizing court of appeals to reverse trial court's judgment in whole or in part and "render the judgment that the trial court should have rendered"), 43.3 (requiring court of appeals to "render the judgment that the trial court should have rendered" when reversing trial court's judgment).

4

in this case that appellant's actions tended but failed to effect the commission of any activity "distinct from the mere activity inherent in the ordinary shoplifting of retail items by a single actor." *See id.* Consequently, the record does not support a finding that in the course of convicting appellant of organized retail theft, the jury necessarily found every element needed to convict appellant of attempted organized retail theft. Further, the evidence that was presented at appellant's trial was not sufficient to support a conviction for attempted organized retail theft. Because the answer to both judgment-reformation inquiries is no, we are not authorized to reform the judgment of conviction in this case to reflect a conviction for attempted organized retail theft. *See Thornton*, 425 S.W.3d at 300.

*Theft of Property*

Appellant concedes that, viewed in the light most favorable to the prosecution, the evidence—which showed that she stole items from HEB by placing them in her reusable shopping bag, failing to pay for those items in the checkout line, and then attempting to leave the store while still possessing the items—is sufficient to show that she committed the offense of theft of property. *See* Tex. Penal Code § 31.03(a). The question, however, is whether theft of property is a lesser-included offense of organized retail theft.

To determine whether an offense qualifies as a lesser-included offense, we employ the cognate-pleadings approach. *Bien v. State*, 550 S.W.3d 180, 185 (Tex. Crim. App.), *cert. denied*, 139 S. Ct. 646 (2018); *see Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under this approach, we compare the elements of the greater offense as pled to the statutory elements of the potential lesser-included offense in the abstract. *Safian v. State*, 543 S.W.3d 216, 220 (Tex. Crim. App. 2018); *Hall*, 225 S.W.3d at 535. We ask "whether the

5

lesser-included offense is included within the proof necessary to establish the offense charged." *Safian*, 543 S.W.3d at 219–20 (quoting *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); *Hall*, 225 S.W.3d at 536; *see* Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"). This analysis is a question of law and does not depend on the evidence to be produced at trial. *Safian*, 543 S.W.3d at 220; *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015); *Rice*, 333 S.W.3d at 144.

An offense is a lesser-included offense of another offense if the indictment for the charged offense "either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Safian*, 543 S.W.3d at 220 (quoting *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) (per curiam)); *Rice*, 333 S.W.3d at 144. "[T]he elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment." *Safian*, 543 S.W.3d at 220 (quoting *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013)); *accord Bien*, 550 S.W.3d at 185–86.

When there are allegations in the indictment that are not identical to the elements of the lesser offense, a court should apply the functional-equivalence test to determine whether elements of the lesser offense are functionally the same or less than those required to prove the charged offense. *Safian*, 543 S.W.3d at 220; *Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012); *see Bien*, 550 S.W.3d at 186. An element of the lesser-included offense is functionally equivalent to an allegation in the charged greater offense if the statutory elements of

6

the lesser offense can be deduced from the elements and descriptive averments in the indictment for the charged greater offense. *Safian*, 543 S.W.3d at 220; *McKithan v. State*, 324 S.W.3d 582, 588–89 (Tex. Crim. App. 2010).

As charged in this case, a person commits the offense of organized retail theft "if the person intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, [or] stores . . . stolen retail merchandise." Tex. Penal Code § 31.16(b)(1). Theft of property occurs when an individual unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a); *see Johnson v. State*, 560 S.W.3d 224, 227 (Tex. Crim. App. 2018). In comparing the statutory elements of theft with the elements of the charged offense of organized retail theft, several elements of theft are not included in the alleged organized retail theft: unlawful appropriation, the intent to deprive the owner of property, and the identity of the owner of the property. We must determine whether these missing elements can be deduced from the elements of the charged offense or the descriptive averments in the indictment.

"Appropriate" includes both acquiring or otherwise exercising control over property.[3] Tex. Penal Code § 31.01(4)(B). Appropriation is unlawful when (1) it is without the owner's effective consent; or (2) the property is stolen, and the actor appropriates the property

---

[3] The Court of Criminal Appeals has recognized the two distinct ways one can "appropriate" property and discussed the misunderstanding of the two:

> There is a continuing misconception among the bench and bar that the word "appropriate" means (or at least connotes) some sort of "taking" or "transfer" of property (other than real property). It does not. "Appropriate" means *any* "exercise of control over" the personalty in question; it is more akin to "possession" than to a "transfer" under the 1974 penal code.

*McClain v. State*, 687 S.W.2d 350, 353 & n.7 (Tex. Crim. App. 1985). Appellant's arguments in her brief address only the acquisition of the merchandise.

7

knowing it was stolen by another. *Id.* § 31.03(b). Given the statutory definition of "appropriate," when the State shows that a person knowingly exercised control over stolen property, the State demonstrates theft. *Chavez v. State*, 843 S.W.2d 586, 588 (Tex. Crim. App. 1992); *McClain v. State*, 687 S.W.2d 350, 353 (Tex. Crim. App. 1985).

"Functional equivalent" means "that the language of the indictment explicitly operates to commit the State to prove the greater offense in such a way that it will also *necessarily* prove the element required by the statute defining the lesser offense." *Meru*, 414 S.W.3d at 170; *see McKithan*, 324 S.W.3d at 593 ("The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense."). As indicted here, to prove organized retail theft, the State was required to prove that appellant conducted, promoted, or facilitated an activity in which she received, possessed, concealed, or stored stolen retail merchandise. Tex. Penal Code § 31.16(b)(1). When the State is required to prove that a person receives, possesses, conceals, or stores stolen retail merchandise, the State must necessarily prove that the person "exercised control" over stolen property. *See Stewart v. State*, 44 S.W.3d 582, 588–89 (Tex. Crim. App. 2001) ("Anyone who is in a position to take some action that deprives the owner of property is in a position to exercise control.").

Moreover, as the Court of Criminal Appeals has recognized,

> It is logically apparent that one way to prove the actor had "knowledge" that his exercise of control over property was "without the owner's consent" is to prove that at some point during his exercise of control he "knew it was stolen by another." Thus, knowing the property possessed "was stolen by another" is merely a subset of knowing the possession is "without the owner's consent."

*McClain*, 687 S.W.2d at 354 (internal footnote omitted) (emphasis omitted); *see id.* at 354 n.15 ("It simply cannot be argued with any logic that a person who exercises control over property he

8

knows was stolen by another *does not know* his exercise is without the true owner's consent."). So, when the State is required to prove that a person receives, possesses, conceals, or stores stolen retail merchandise, the State must necessarily prove that the person "exercised control" over the property without the owner's consent. *See Chavez*, 843 S.W.2d at 588 ("Receiving property from another, knowing it to be stolen by him, establishes the offense [of theft] because it is . . . a knowing exercise of control without consent of the owner.").

Thus, the alleged conduct of conducting, promoting, or facilitating an activity in which the person (appellant) received, possessed, concealed, or stored stolen retail merchandise is the functional equivalent of the theft element of unlawful appropriation of property—both exercising control over stolen property as well as exercising control over property without the owner's effective consent.

Another theft element missing from the indictment for organized retail theft is the intent to deprive the owner of property. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code § 6.03(a). "Deprive" is statutorily defined and means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* § 31.01(2)(A); *Taylor v. State*, 450 S.W.3d 528, 535 (Tex. Crim. App. 2014) ("An intent to deprive an owner of his property means an intent 'to withhold the property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.'" (quoting Penal Code definition of deprive)).

Organized retail theft does not explicitly require the intent to deprive the owner of property. However, the statute (and the indictment in this case) explicitly requires that the

9

defendant intentionally conduct, promote, or facilitate an activity that involves stolen property. *See* Tex. Penal Code § 31.16(b)(1); *Lang*, 561 S.W.3d at 181 ("By its use of the past participle of steal (e.g., 'stolen'), the statute indicates that whatever 'activity' is covered takes place with respect to retail merchandise that has already been stolen."). Common sense dictates that any activity involving stolen property—other than returning it to its owner—necessarily involves an intent to deprive the owner of that property.

The functional equivalence test is "synonymous with the concepts of 'necessary inclusion' or 'subsumption of elements.'" *Meru*, 414 S.W.3d at 166 (quoting *McKithan*, 324 S.W.3d at 588 n.15). Even though the specific intent to deprive the owner of the property is not explicitly stated as an element of organized retail theft (or explicitly alleged in the indictment in this case), such intent is necessarily included in the conduct required for organized retail theft and, therefore, it is subsumed by an allegation of organized retail theft. Under the functional equivalence analysis, the theft element of the intent to deprive the owner of property can be deduced by the conduct targeted by the statute and alleged in the indictment in this case, which necessarily deprives the owner of the property. *See Lang*, 561 S.W.3d at 183 (observing that "the statute was enacted for the purpose of targeting professional theft rings involved in the large-scale theft, transfer, repackaging, and reselling of stolen retail merchandise").

The final theft element missing from the indictment for organized retail theft is the identity of the property owner. "Owner" is defined as "a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor[.]" Tex. Penal Code § 1.07(35)(A); *see Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011) (observing that legislature gave "expansive meaning" to definition of "owner" "to give ownership status to anyone with a rational connection to the property").

10

The formal name of the person or entity owning the property is not a substantive element of theft. *Garza*, 344 S.W.3d at 413; *Byrd v. State*, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011). However, the existence of the property owner is an element of theft that must be proven by the State. *Byrd*, 336 S.W.3d 251–52; *see id.* at 252 ("Although the *name* of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same *person* (or entity)— regardless of the name—as shown by the evidence."). So, we must determine whether the existence or identity of the owner of the property—the owner of the stolen retail merchandise described in the indictment—can be deduced from the elements of the charged offense or the descriptive averments in the indictment.

The State argues that the existence of the specific owner of the property is inherent in the charged elements of organized retail theft. The State observes that the property at issue in the indictment (and in the statute) is "stolen retail merchandise" and, relying on the statutory definition of "retail merchandise," argues that the proof necessary to establish that the property at issue was "stolen retail merchandise" "necessarily includes proof that the retail establishment is an owner of the property." *See* Tex. Penal Code § 31.01(11) ("'Retail merchandise' means one or more items of tangible personal property displayed, held, stored, or offered for sale in a retail establishment."); *see also id.* § 31.01(7) ("'Steal' means to acquire property or service by theft.").

However, while it is true that the offense of organized retail theft involves stolen retail merchandise, the general status of the property as stolen retail merchandise does not designate or specify the particular retail establishment from which the merchandise came. The identity of the particular retail establishment from which the merchandise came—that is, the

11

owner of the stolen retail merchandise—is not a required element of the offense of organized retail theft. It matters not which retail establishment the merchandise came from (HEB, Target, Walmart, etc.); the State must only prove that the property at issue is stolen retail merchandise. While the State *could* prove the identity of the particular retail establishment from which the merchandise was stolen in order to show that the retail merchandise at issue is stolen—as the State did here by showing that appellant stole the items from HEB—the State is not required to do so. *See Farrakhan v. State*, 263 S.W.3d 124, 139 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008) ("That the State *could* and *did* present evidence of [facts related to lesser offense] does not mean that the State was *required* to do so."). The "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *Rice*, 333 S.W.3d at 145–46 (quoting *McKithan*, 324 S.W.3d at 593).

Further, the identity of the property owner cannot be deduced from any descriptive averments in the indictment. The indictment contains a description of the stolen property—"groceries, herbal supplements, energy drinks and animal treats" with a total value of "greater than $500 but less than $1500"—but that description does not identify the retail establishment from which the property was taken. Although the evidence at trial demonstrated that HEB was the owner of the stolen retail merchandise in this case, the determination of whether an offense is a lesser-included offense of the alleged offense under the cognate pleadings approach is a question of law and does not depend on the evidence to be produced at the trial. *Safian*, 543 S.W.3d at 220; *Hall*, 225 S.W.3d at 535.

Nothing in the indictment in this case is functionally equivalent to the theft element of identify of the property owner. There is no allegation in the indictment, express or

implied, reflecting the identity of the owner of the property at issue in this case or from which the identity could be deduced. This theft element cannot be deduced from the elements of the charged offense or the descriptive averments in the indictment. Thus, theft of property is not a lesser-included offense of the charged offense in this case. *See DeLeon v. State*, — S.W.3d—, No. 03-18-00268-CR, 2018 WL 6837742, at *3–*5 (Tex. App.—Austin Dec. 28, 2018, pet. ref'd) (concluding that theft of firearm was not lesser-included offense of charged burglary of habitation where indictment failed to allege that stolen property was firearm and that theft element could not be deduced from burglary indictment); *see, e.g.*, *Rice*, 333 S.W.3d at 146–47 (holding that reckless driving was not lesser-included offense of charged offense of aggravated assault with deadly weapon because, although indictment included phrases "did use and exhibit a deadly weapon, to-wit: a motor vehicle" and "that in the manner of its use and intended use," there was no allegation, express or implied, that appellant was driving); *McKithan*, 324 S.W.3d at 589–90 (holding that offensive-contact assault was not lesser-included offense of charged offense of aggravated sexual assault because "physical force and violence" allegation of indictment was not functional equivalent of physical contact and State was not required to prove physical contact to establish "physical force and violence" allegation); *Hall*, 225 S.W.3d at 536–37 (concluding that aggravated assault by threat was not lesser-included offense of murder committed by shooting victim with firearm because, although trial evidence may have supported that defendant threatened by displaying gun, indictment alleged neither threat nor display). Because theft of property is not a lesser-included offense of the charged organized retail theft, we are not authorized to reform the judgment to reflect a conviction for theft. *See Thornton*, 425 S.W.3d at 298–99.

## CONCLUSION

The Court of Criminal Appeals remanded this case to this Court to consider whether the judgment of conviction should be reformed. *See Lang*, 561 S.W.3d at 184. We conclude that it should not.

First, the record does not support reformation to the lesser-included offense of attempted organized retail theft. Second, while the record reflects that the State proved that appellant committed theft of property valued at $500 or more but less than $1,500 by taking the alleged items from HEB, we conclude that theft of property is, in this case, not a lesser-included offense of the charged organized retail theft. Thus, we do not have authority to reform the judgment of conviction to reflect a conviction for either attempted organized retail theft or theft of property. *See Thornton*, 425 S.W.3d at 300.

Lacking authority to reform the judgment of conviction, we reverse the judgment of conviction and render a judgment of acquittal.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Reversed and Rendered on Remand

Filed: September 27, 2019

Publish

14