

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-197-09

### SAM WESLEY DUDLEY, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Appellant was charged with aggravated sexual assault of a child. The trial court granted the State's request for a jury charge on the lesser-included offense of indecency with a child. Appellant pleaded no contest to indecency with a child.

On appeal, Appellant argued that the trial court erred in submitting that charge because indecency with a child could never be a lesser-included offense of aggravated sexual assault of a child. The Court of Appeals agreed and reversed the conviction, relying on *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007). *Dudley v. State*, __ S.W.3d __, No. 05-07-01083-CR (Tex. App. – Dallas, November 12, 2008).

The State filed a petition for discretionary review contending that *Hall* should not apply to guilty pleas and that Appellant is estopped from challenging his conviction due to his no contest plea. We recently held in *Murray v. State*, __ S.W.3d __, No. PD-1055-08 (Tex. Crim. App., November 11, 2009), that *Hall* applies to cases involving guilty pleas. We also held that a defendant who pleaded guilty, but then moved to withdraw his plea before the court accepted it, was not estopped from complaining on appeal. Additionally, in *Evans v. State*, __ S.W.3d __, No. PD-0147-09 (Tex. Crim. App., December 16, 2009), we held that indecency with a child can be a lesser-included offense of aggravated sexual assault of a child.

The Court of Appeals did not have the benefit of our opinions in *Evans* and *Murray*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinions in *Evans* and *Murray*.

DATE DELIVERED:    January 27, 2010
PUBLISH