

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0130-10

**ANDREW WOODARD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### BRAZORIA COUNTY

**KELLER, P.J., filed a concurring opinion.**

I have suggested before that the Court should adopt the doctrine of beneficial acquiescence, by which a defendant who fails to object to an instruction on a lesser included offense would be estopped from complaining about it on appeal.[1] This case is a great illustration of why we should do so.

We are lucky in this case because the record contains some evidence of defense counsel's involvement in drafting the jury charge. But the proceedings that show defense counsel's

---

[1] *Hall v. State*, 225 S.W.3d 524, 538 (Tex. Crim. App. 2007) (Keller, P.J., dissenting).

involvement could just as easily have occurred off the record.[2] The record might not even show that an off-the-record conference occurred.

Even on the record before us, we don't know the extent of defense counsel's involvement. We can reasonably suppose that defense counsel drafted at least some of the language in the lesser-offense instruction, but we can't tell for sure whether defense counsel requested the lesser-offense submission itself, or if it was the State's idea.

Our lack of knowledge on that score should not matter because defense counsel's intent to secure a benefit for his client—either through overt action or mere acquiescence—should be enough to estop the defendant from complaining. As Professors Dix and Dawson have explained:

> Both sides potentially may benefit from a lesser included offense instruction. The defense interest is in limiting punishment exposure by providing a lesser alternative to the charged offense while the prosecution can obtain a greater likelihood of some type of conviction by giving the jury the option of convicting for an offense with less difficult proof requirements.[3]

If submission of a lesser offense were not to the defendant's benefit, one would expect him to complain about it.[4] The same rule would apply to the State. If the State failed to object to a lesser included offense instruction, jeopardy would attach to the lesser offense, and the State could not later

---

[2] *See id.* at 537-38 (because an off-the-record conference occurred, we did not know whether the defense requested the lesser offense instruction).

[3] George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE, § 36.50 at 249 (Supp. 2009).

[4] *See Hall*, 225 S.W.3d at 538 (Keller, P.J., dissenting); *see also* Dix and Dawson, §36.50 at 250 ("It is clear that the defense may not claim error successfully on appeal due to the omission of a lesser included offense if the defense refrained from requesting one. Likewise, any error in the improper submission of a lesser included instruction is waived if the defense fails to object to the instruction.").

prosecute the defendant for that particular crime.[5] Finally, under our recent decision in *Tolbert*, each party would have to lodge his own objection to avoid estoppel consequences.[6]

Although parties sometimes fail to notice errors in the jury charge, a lesser-offense instruction is not easily missed. Submitting a lesser offense means that an additional verdict option will also be submitted—something the parties are not likely to overlook. And if a lesser-offense instruction is included without anyone noticing, there are opportunities, such as a motion for new trial, to make that fact known. But when there is no evidence that the submission was a genuine oversight, we should assume that both parties knowingly acquiesced in the submission. Because we should make that assumption here, I would hold that appellant is estopped from complaining about the lesser-offense submission in this case.

With these comments, I join the Court's opinion.

Filed: October 6, 2010
Publish

---

[5] But if an offense contemplates the possibility of more than one victim, double jeopardy might not foreclose a further prosecution. *See* TEX. PENAL CODE § 21.08.

[6] *See Tolbert v. State*, 306 S.W.3d 776, 782-83 (Tex. Crim. App. 2010). I express no opinion on whether the rule I propose should apply to the submission of a lesser offense over which the trial court lacks subject matter jurisdiction because it is a misdemeanor. *See Murray v. State*, 302 S.W.3d 874, 882, 882 n.42 (Tex. Crim. App. 2009).