IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0130-10






ANDREW WOODARD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZORIA COUNTY





 Keller, P.J., filed a concurring opinion.



 I have suggested before that the Court should adopt the doctrine of beneficial acquiescence,
by which a defendant who fails to object to an instruction on a lesser included offense would be
estopped from complaining about it on appeal. (1) This case is a great illustration of why we should
do so.

 We are lucky in this case because the record contains some evidence of defense counsel's
involvement in drafting the jury charge. But the proceedings that show defense counsel's
involvement could just as easily have occurred off the record. (2) The record might not even show that
an off-the-record conference occurred. 

 Even on the record before us, we don't know the extent of defense counsel's involvement. 
We can reasonably suppose that defense counsel drafted at least some of the language in the lesser-offense instruction, but we can't tell for sure whether defense counsel requested the lesser-offense
submission itself, or if it was the State's idea. 

 Our lack of knowledge on that score should not matter because defense counsel's intent to
secure a benefit for his client--either through overt action or mere acquiescence--should be enough
to estop the defendant from complaining. As Professors Dix and Dawson have explained:

Both sides potentially may benefit from a lesser included offense instruction. The
defense interest is in limiting punishment exposure by providing a lesser alternative
to the charged offense while the prosecution can obtain a greater likelihood of some
type of conviction by giving the jury the option of convicting for an offense with less
difficult proof requirements. (3) 


If submission of a lesser offense were not to the defendant's benefit, one would expect him to
complain about it. (4) The same rule would apply to the State. If the State failed to object to a lesser
included offense instruction, jeopardy would attach to the lesser offense, and the State could not later
prosecute the defendant for that particular crime. (5) Finally, under our recent decision in Tolbert, each
party would have to lodge his own objection to avoid estoppel consequences. (6)

 Although parties sometimes fail to notice errors in the jury charge, a lesser-offense
instruction is not easily missed. Submitting a lesser offense means that an additional verdict option
will also be submitted--something the parties are not likely to overlook. And if a lesser-offense
instruction is included without anyone noticing, there are opportunities, such as a motion for new
trial, to make that fact known. But when there is no evidence that the submission was a genuine
oversight, we should assume that both parties knowingly acquiesced in the submission. Because we
should make that assumption here, I would hold that appellant is estopped from complaining about
the lesser-offense submission in this case.

 With these comments, I join the Court's opinion.

Filed: October 6, 2010

Publish






1. Hall v. State, 225 S.W.3d 524, 538 (Tex. Crim. App. 2007) (Keller, P.J., dissenting).
2. See id. at 537-38 (because an off-the-record conference occurred, we did not know whether
the defense requested the lesser offense instruction).
3. George E. Dix & Robert O. Dawson, 43 Texas Practice, § 36.50 at 249 (Supp. 2009).
4. See Hall, 225 S.W.3d at 538 (Keller, P.J., dissenting); see also Dix and Dawson, §36.50
at 250 ("It is clear that the defense may not claim error successfully on appeal due to the omission
of a lesser included offense if the defense refrained from requesting one. Likewise, any error in the
improper submission of a lesser included instruction is waived if the defense fails to object to the
instruction.").
5.   But if an offense contemplates the possibility of more than one victim, double jeopardy
might not foreclose a further prosecution. See Tex. Penal Code § 21.08.
6. See Tolbert v. State, 306 S.W.3d 776, 782-83 (Tex. Crim. App. 2010). I express no
opinion on whether the rule I propose should apply to the submission of a lesser offense over which
the trial court lacks subject matter jurisdiction because it is a misdemeanor. See Murray v. State, 302
S.W.3d 874, 882, 882 n.42 (Tex. Crim. App. 2009).