

NUMBER 13-10-00659-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

MAURICIO CELIS,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Chief Justice Valdez

By four issues, appellant, Mauricio Celis, appeals his conviction for false identification as a peace officer, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 37.12 (West 2011). We affirm.

### I. BACKGROUND

Appellant was indicted for impersonating a public servant, a third-degree felony. *See id.* § 37.11(a)(1) (West 2011). According to the indictment, on September 15,

2007, appellant impersonated a "reserve deputy sheriff" by displaying a badge and either requesting the police to allow him to take with him a person being questioned or attempting to stop the police from questioning that person.

At trial, Officer Talagosa Taufaasau of the Corpus Christi Police Department testified that, on the date in question, he had detained a female at a Stripes convenience store parking lot, when appellant approached him. According to Officer Taufaasau, appellant "asked for the female to be released into his custody," stating, "I'm a reserve deputy, I'm a five," which according to Officer Taufaasau, meant peace officer.

Officer Maria Pici of the Corpus Christi Police Department testified that, when appellant drove up to the scene, he identified himself as a deputy and displayed a five-point star badge.

Officer Phillip Bintliff of the Corpus Christi Police Department testified that, when he encountered appellant at the scene, appellant flipped out a wallet with a five-point star badge, which was consistent with a sheriff's department badge. Appellant then identified himself as a reserve deputy and offered to "go ahead and take care of this female."

Captain Michael Markle of the Corpus Christi Police Department testified that appellant walked up to him, pulled out a five-point star badge, said "I'll take custody of her," and identified himself as a deputy.

The badge in question is a solid metal, five-point star, with the following wording: "Deputy Sheriff, Duval County, State of Texas, 514." Duval County Sheriff Romeo Ramirez testified that, in 1997, appellant was a "duly qualified, appointed, and

2

recognized Duval reserve deputy" and that he had the title of a "conditional reserve officer." Sheriff Ramirez testified that appellant was not a certified peace officer, but Sheriff Ramirez testified that, in 1997, a person could be a reserve deputy, without being a peace officer, for a two-year period. Sheriff Ramirez explained that appellant was no longer a reserve officer in 1999 because his conditional license had expired.

According to the testimony of Santiago Barrera, the former sheriff of Duval County, appellant was no longer a reserve deputy at the time of the alleged offense in 2007. Barrera testified that, as of October 15, 2003, appellant had been terminated for non-compliance with the requirements of the Texas Commission of Law Enforcement Officer Standards and Education ("TCLEOSE").

Officer Bruno Valdez, criminal investigator for the Duval County Sheriff's Department, testified that he had overseen the reserve deputies and that from April 2000 through December 2008, he had not seen appellant performing duties as a deputy sheriff. Officer Valdez testified that he terminated appellant as of October 15, 2003 for non-compliance with mandated courses. Officer Valdez testified that the reserve badge in question had been validly issued to appellant.

Timothy Braaten, the executive director of TCLEOSE, testified that appellant had been issued a conditional reserve license on May 14, 1997. Braaten testified that appellant then had until May 14, 2001 to pass the basic peace officer licensing exam, but that he did not pass that exam. According to Braaten, as of May 14, 2001, appellant's conditional reserve license had expired.

At the charge conference, appellant requested that false identification be submitted to the jury as a lesser-included offense. Over the State's objection, the trial court included false identification in the jury charge.

The jury found appellant not guilty of impersonating a peace officer, but guilty of false identification. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

In his first, second, and third issues, appellant argues that the evidence was not sufficient to support the jury's finding of guilt and rejection of his defenses.

## A. Standard of Review

When a defendant challenges the sufficiency of evidence with regard to the jury's finding of guilt and rejection of a defense, we view all the evidence in the light most favorable to the verdict and ask if "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against appellant on the defensive issue beyond a reasonable doubt." *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *Malik*, 953 S.W.2d at 240.

4

**B. Applicable Law**

A person commits an offense if he (1) "makes, provides to another person, or possesses a card, document, badge, insignia, shoulder emblem, or other item bearing an insignia of a law enforcement agency that identifies a person as a peace officer or a reserve law enforcement officer," and (2) "knows that the person so identified by the item is not commissioned as a peace officer or reserve law enforcement officer as indicated on the item." TEX. PENAL CODE ANN. § 37.12(a). It is a defense if "the person identified as a peace officer or reserve law enforcement officer by the item bearing the insignia was commissioned in that capacity when the item was made." *Id.* § 37.12(b)(2).

Section 37.12(b)(2) is a "defense" within the meaning of section 2.03 of the Texas Penal Code. *See id*. §§ 2.03 (West 2011), 37.12(b)(2). Therefore, "the burdens at trial alternated between the defense and the State." *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The "defendant bears the burden of production, which requires the production of some evidence that supports the particular defense." *Id*. "Once the defendant produces such evidence, the State then bears the burden of persuasion to disprove the raised defense." *Id*. "The burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt." *Id*. "When a jury finds the defendant guilty, there is an implicit finding against the defensive theory." *Id*.

**C. Discussion**

As a preliminary matter, the State argues that the estoppel rule bars appellant from challenging the sufficiency of the evidence to support his conviction for false

identification because he requested that the offense be included in the jury charge as a lesser-included offense of impersonating a public servant. The State maintains that false identification is not a lesser-included offense of impersonating a public servant and that appellant was therefore not entitled to an instruction on false identification. At trial, the State objected to the inclusion of the instruction on false identification. Although the State contends that the trial court erred in submitting the instruction, it has not attempted to appeal that ruling. Accordingly, we do not address the issue of whether appellant was entitled to the instruction; instead, we confine our analysis to the State's contention that the estoppel rule bars appellant from challenging the sufficiency of the evidence.

"[E]stoppel is a flexible doctrine that manifests itself in various forms." *Murray v. State*, 302 S.W.3d 874, 881 (Tex. Crim. App. 2009). Nevertheless, the Texas Court of Criminal Appeals has observed that "it makes little sense to preclude a defendant from challenging the legal sufficiency of the evidence on appeal simply because he requested and received an instruction on a lesser-included offense." *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006). Accordingly, the Court has held that "the estoppel rule will not be applied to all criminal cases where the legal sufficiency of the evidence is challenged and a lesser-included offense instruction is requested and received." *Id.* (holding that "application of this estoppel rule should be confined exclusively to the limited number of cases that challenge the sufficiency of the evidence as it relates to the sudden-passion element of voluntary manslaughter and that arose before September 1, 1994"). Therefore, we conclude that the estoppel rule does not

6

preclude appellant from challenging the sufficiency of the evidence to support his conviction for false identification. *See id.*

In his first issue, appellant argues that the evidence was not sufficient to prove the elements of the offense. We disagree. There was evidence that appellant possessed a badge that identified him as a reserve deputy sheriff. There was also evidence that appellant was not commissioned in that capacity at the time of the offense. Furthermore, there was circumstantial evidence that appellant knew he was not commissioned at the time of the offense. For instance, Sheriff Ramirez testified that appellant's two-year conditional license had expired in 1999, approximately eight years before the commission of the offense. Moreover, Officer Valdez, who oversaw the reserve deputies from April 2000 through December 2008, testified that he had not seen appellant performing any duties as a deputy sheriff during that period of time. Accordingly, we conclude that there was sufficient evidence to support the jury's verdict with regard to the essential elements of the offense. Appellant's first issue is overruled.

In his second issue, appellant argues that the evidence was not sufficient to support the jury's rejection of his defense of mistake of fact. TEX. PENAL CODE ANN. § 8.02(a) (West 2011) ("It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."). Mistake of fact negates the culpable mental state required for the offense. *See Granger v. State*, 3 S.W.3d 36, 41 (Tex. Crim. App. 1999) (explaining that the mistake of fact, by its terms, negates the culpable mental state). In this case, appellant argues that the evidence established that he had a reasonable belief that he was commissioned as a reserve deputy sheriff at the

7

time of the offense. As noted above, however, there was direct evidence that appellant was not commissioned at the time of the offense, and there was also circumstantial evidence that appellant knew he was not commissioned at the time of the offense. Based on this evidence, a rational juror could find against appellant on the defense of mistake of fact. Appellant's second issue is overruled.

In his third issue, appellant argues that the evidence was not sufficient to support the jury's rejection of his defense under subsection (b)(2), which provides a defense if "the person identified as a peace officer or reserve law enforcement officer by the item bearing the insignia was commissioned in that capacity when the item was made." TEX. PENAL CODE ANN. § 37.12(b)(2). We disagree.

The parties dispute the meaning of the defense. Appellant argues that the defense applies if he was commissioned at the time the badge was issued to him. The State argues that the defense applies only if appellant was commissioned at the time the badge was made. We agree with the State.

In construing a criminal statute, we seek to effectuate the intent of the legislature, focusing on the statute's literal text, and we attempt to discern the fair, objective meaning of that text. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We read the words and phrases in context according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011 (West 2010); *Ex parte Kuester*, 21 S.W.3d 264, 266 (Tex. Crim. App. 2000). Additionally, we attempt to construe a statute according to its plain textual meaning without resort to extratextual sources. *See Kutzner v. State*, 75 S.W.3d 427, 433 (Tex. Crim. App. 2002). If a statute is ambiguous,

however, we may resort to extratextual sources, such as legislative history, to construe the statute. *Id.*

The statutory language specifically states "when the item was made," not when the item was issued. TEX. PENAL CODE ANN. § 37.12(b)(2). In this case, these are two different points in time. Appellant's interpretation of the statute would replace the word "made" with the word "issued." We cannot do so because it would defeat the plain meaning of the statute's language. Therefore, we hold that appellant had the burden to prove that he was commissioned when the badge was made.

At trial, there was no evidence that appellant was commissioned as a reserve deputy sheriff when the badge was made. However, there was evidence that the badge was issued to appellant when he was first commissioned as a reserve deputy sheriff. A rational finder of fact could reasonably infer that the badge was made before it was issued, before appellant was first commissioned. Accordingly, we conclude that the evidence was sufficient to support the jury's rejection of appellant's defense. Appellant's third issue overruled.

### III. MOTION TO SUPPRESS

In his fourth issue, appellant argues that the trial court erred in denying his motion to suppress the badge in question. Appellant argues that the State violated his Fourth Amendment rights in obtaining possession of the badge; however, appellant argues that this violation occurred some days after the commission of the offense. Assuming for the sake of argument that there was a violation of the Fourth Amendment, and assuming further that the trial court erred in denying appellant's motion to suppress, we will conduct a harm analysis.

A.  Applicable Law

"If we find, beyond a reasonable doubt, that a constitutional error did not contribute to the verdict, then the error was harmless such that we will not reverse the judgment." *Neal v. State*, 256 S.W.3d 264, 284 (Tex. Crim. App. 2008). "To make this determination, we must calculate, as nearly as possible, the probable impact of the error on the jury in light of the other evidence." *Id.* "The error was not harmless if there is a reasonable likelihood that it materially affected the jury's deliberations." *Id.*

B.  Discussion

At trial, there was uncontroverted testimony from a number of eyewitnesses that appellant was in possession of a badge that identified him as a reserve deputy sheriff. The physical evidence of the badge was additional evidence of the same fact. The badge did not introduce a new fact issue.

On its own, the uncontroverted eyewitness testimony was sufficient to prove that appellant was in possession of a badge that identified him as a reserve deputy sheriff. In addition, we note that the eyewitness testimony included accounts of the statements made by appellant when he displayed the badge and orally identified himself as a reserve deputy sheriff. *See McCarthy v. State*, 65 S.W.3d 47, 55–56 (Tex. Crim. App. 2001) ("A defendant's statement, especially a statement implicating [him] in the commission of the charged offense, is unlike any other evidence that can be admitted against the defendant.").

In sum, there is no reasonable likelihood that the physical evidence of the badge materially affected the course or outcome of the jury's deliberations. Based on the foregoing, we find beyond a reasonable doubt that the error, if any, in the trial court's

ruling regarding the suppression of the badge was harmless. *See Neal*, 256 S.W.3d at 284. Appellant's fourth issue is overruled.

IV. Conclusion

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.