**Affirmed and Majority and Concurring and Dissenting Opinions filed December 20, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00205-CR

---

**BELISARIO I. LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1466251**

---

# CONCURRING AND DISSENTING OPINION

This case presents another challenge to the constitutionality of a court-cost statute. Though the legal arguments have grown familiar, the issue in dispute appears to be one of first impression.

I agree with the majority that appellant's first and second issues lack merit, and that this court should affirm appellant's conviction and sentence. Though I stand

by my dissenting opinion in *Johnson v. State*, the majority correctly determines that the *Johnson* precedent binds this panel to overrule appellant's third issue, in which he asserts that the jury fee imposed in article 102.004(a) of the Texas Code of Criminal Procedure facially violates the Texas Constitution's separation-of-powers clause.[1] I part ways with the majority as to the analysis of the fourth issue, in which appellant asserts that the witness-summoning-fee statute — article 102.011(a)(3) of the Texas Code of Criminal Procedure — facially violates the Texas Constitution's separation-of-powers clause. Though the majority holds otherwise, under binding precedent from the Court of Criminal Appeals, to show that any court-cost statute on its face violates the separation-of-powers clause, a challenger need only show that neither the court-cost statute nor any interconnected statute directs that the funds collected under the court-cost statute be expended for something that is a legitimate criminal-justice purpose.

In his fourth issue, appellant asserts that the witness-summoning-fee statute facially violates the Texas Constitution's separation-of-powers clause because the fee constitutes an impermissible tax collected by the judiciary, rather than a legitimate court cost. The parties have not cited and research has not revealed any binding precedent addressing this issue.[2] Article 102.011(a)(3) imposes on a

---

[1] *See Johnson v. State*, No. 14-16-00658-CR, 2018 WL 4925456, at *4–8, (Tex. App.—Houston [14th Dist.] Oct. 11, 2018, no pet. h.) (majority opinion rejecting claim that the jury fee imposed in article 102.004(a) of the Texas Code of Criminal Procedure facially violates the Texas Constitution's separation-of-powers provision); *Johnson*, 2018 WL 4925456, at *9–16 (Frost, C.J. dissenting).

[2] The only appellate court that appears to have addressed whether article 102.011(a)(3) of the Texas Code of Criminal Procedure facially violates the Texas Constitution's separation-of-powers provision is the First Court of Appeals. In *Allen v. State* that court held that article 102.011(a)(3) does not facially violate the Texas Constitution's separation-of-powers provision. *See* No. 01-16-00768-CR, 2018 WL 4138965, at *4–9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. granted).

defendant convicted of a felony or a misdemeanor a $5 fee for each witness summoned by a peace officer in the case.[3] Appellant's argument amounts to a facial challenge to the statute's constitutionality. Appellant contends that article 102.011(a)(3) violates the separation-of-powers clause because the statute does not direct that the funds collected be expended for something that is a legitimate criminal-justice purpose.

## Preservation-of-Error Analysis

The trial court ordered in its judgment that appellant pay all court costs, though the trial court did not impose any court costs in open court, and the judgment does not contain an itemization of the court costs. In this context, appellant may challenge the constitutionality of article 102.011(a)(3) for the first time on appeal.[4]

## Facial-Challenge Analysis

We review the constitutionality of a criminal statute de novo as a question of law.[5] Because one making a facial challenge attacks the statute itself as opposed to a particular application, the challenger must establish that no set of circumstances exists under which the statute would be valid.[6] Under the proper facial-challenge analysis, this court is to consider only applications in which the statute actually authorizes or prohibits conduct.[7]

---

[3] *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(3) (West, Westlaw through 2017 1st C.S.).

[4] *See Johnson v. State*, 537 S.W.3d 929, 929 (Tex. Crim. App. 2017) (per curiam); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

[5] *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

[6] *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

[7] *Id.*

*The Texas Constitution's Separation-of-Powers Clause*

The Texas Constitution expressly guarantees the separation of powers among Texas's three branches of government.[8] Article II, section 1 states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. In this section of the Texas Constitution the people of Texas provide that the powers granted to one governmental branch belong exclusively to that branch and the other branches may not exercise the power.[9] When one branch assumes or is delegated a power more properly attached to another branch, that action violates the separation-of-powers clause.[10] If a statute turns the courts into tax gatherers, then the statute delegates to the courts a power more properly attached to the executive branch.[11]

*The Court of Criminal Appeals's Opinion in Peraza*

This court should look to the Court of Criminal Appeals's precedent to determine the legal standard for analyzing appellant's constitutional challenge. In *Peraza v. State*, the Court of Criminal Appeals reviewed its 1942 opinion in *Ex parte Carson*, in which the high court found a $1 library fund court cost invalid as neither "necessary nor incidental to the trial of a criminal case."[12] Though the *Carson* case

---

[8] Tex. Const. art. II, § 1; *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017).

[9] *Ex parte Lo*, 424 S.W.3d at 28.

[10] *Salinas*, 523 S.W.3d at 106–07.

[11] *Id.* at 107.

[12] *Ex parte Carson*, 159 S.W.2d 126, 130 (Tex. Crim. App. 1942); *see Peraza*, 467 S.W.3d at 515–

did not involve an allegation that the court cost violated the Texas Constitution's separation-of-powers clause, the intermediate court of appeals in *Peraza* relied upon the *Carson* precedent in determining that the statute in *Peraza* violated the Texas Constitution's separation-of-powers provision.[13] On review, the Court of Criminal Appeals concluded that "necessary and incidental to the trial of a criminal case" should not be the legal standard for determining whether court-cost statutes violate the separation-of-powers clause.[14] The high court based this decision on its conclusion that the rejected standard would be "too limiting" and would "ignore the legitimacy of costs that, although not necessary to, or an incidental expense of, the actual trial of a criminal case, may nevertheless be directly related to the recoupment of costs of judicial resources expended in connection with the prosecution of criminal cases within our criminal justice system."[15]

The *Peraza* court held that, "if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal-justice purposes, then the statute allows for a constitutional application that will not render the courts tax gatherers in violation of the separation of powers clause."[16] For the purposes of this legal standard, a criminal-justice purpose is one that relates to the administration of the criminal-justice system.[17] According to the *Peraza* court, we are to determine the legitimacy

---

17.

[13] *See Peraza*, 467 S.W.3d at 512–13; *Ex parte Carson*, 159 S.W.2d at 127–30.

[14] *See Peraza*, 467 S.W.3d at 517.

[15] *Id*.

[16] *Id*. (footnote omitted).

[17] *Id*. at 517–18.

of a purported criminal-justice purpose on a statute-by-statute, case-by-case basis.[18] The *Peraza* court emphasized that the challenger takes on the burden of establishing that the statute operates unconstitutionally in every possible circumstance.[19] The *Peraza* court indicated that a party asserting a facial challenge to the constitutionality of a court-costs statute under the separation-of-powers clause must show that no circumstance exists under which the statute or an interconnected statute provides for an allocation of such court costs to be expended for legitimate criminal-justice purposes.[20]

In *Peraza*, the challenged statute required collected court costs to be sent to the comptroller and that the comptroller deposit thirty-five percent of the funds into the state treasury to the credit of the state highway fund and sixty-five percent of the funds to the credit of the criminal-justice planning account in the general revenue fund.[21] The *Peraza* court noted that article 102.056 of the Code of Criminal Procedure requires that funds in the criminal-justice planning account be used to reimburse law-enforcement agencies for expenses incurred in collecting a DNA specimen from every person charged with certain crimes.[22] Even if the court costs deposited into the criminal-justice planning account were used to fund criminal-justice projects unrelated to managing the statewide DNA database, the funds still would be used for legitimate criminal-justice purposes.[23]

---

[18] *Id.*

[19] *See id.* at 516.

[20] *See id.* at 517–19.

[21] *See* Tex. Code Crim. Proc. Ann. art. 102.020(e),(h) (West 2010); *Peraza*, 467 S.W.3d at 519–21.

[22] *See Peraza*, 467 S.W.3d at 518–19.

[23] *See Peraza*, 467 S.W.3d at 519 (concluding that "[t]he statutory scheme allocating these resources to the criminal-justice planning account are required, via interconnected statutory

6

As to the funds deposited into the state treasury to the credit of the state highway fund, Government Code section 411.145 requires that these funds be used to defray the cost of administering the part of the Government Code governing the collection and management of DNA samples, which the *Peraza* court deemed a legitimate criminal-justice purpose.[24]  The *Peraza* court held that the challenger had not shown that it was impossible for the court-cost statute to operate constitutionally under any circumstance.[25]  The court-cost statute challenged in *Peraza* did not involve the recoupment of costs necessary and incidental to the trial of a criminal case.[26]  Nonetheless, the *Peraza* court articulated a single legal standard for determining whether a challenger has shown that a court-cost statute facially violates the Texas Constitution's separation-of-powers clause, and the high court did not state that this standard would vary according to the type of court-cost statute.[27]

*The Court of Criminal Appeals's Opinion in Salinas*

In *Salinas v. State*, decided just two years after *Peraza*, the Court of Criminal Appeals addressed the constitutionality of a statute requiring every convicted felon to pay $133 as a court cost.[28]  Though the statute expressly allocated the court costs among various accounts, the high court held that two of the accounts did not qualify as an allocation of funds to be expended for legitimate criminal-justice purposes and to that extent deemed the statute facially unconstitutional in violation of the

---

provisions, to be expended for legitimate criminal-justice purposes").

[24] *See* Tex. Gov't Code Ann. § 411.145 (West 2010); *Peraza*, 467 S.W.3d at 519–21.

[25] *Peraza*, 467 S.W.3d at 521.

[26] *See* Tex. Code Crim. Proc. Ann. art. 102.020; *Peraza*, 467 S.W.3d at 518–21.

[27] *See Peraza*, 467 S.W.3d at 513–21.

[28] *See* 523 S.W.3d 103, 106–10 (Tex. Crim. App. 2017).

7

separation-of-powers clause.[29]

In deciding the case, the *Salinas* court said that it was applying the legal standard from *Peraza*.[30]  As to the legal standard required to show that a court-cost statute facially violates the separation-of-powers clause, the teachings of *Peraza* mirror the teachings of *Salinas*.[31]  Yet, the *Salinas* court used different words to describe this legal standard.[32]  Though the *Peraza* court spoke in terms of statutes "provid[ing] for an allocation of such court costs to be expended for a legitimate criminal justice purpose," the *Salinas* court stated that "*Peraza* requires that the relevant statutes direct that the funds be used for something that is a legitimate criminal justice purpose."[33]  In finding the statute at issue unconstitutional in part, the *Salinas* court pointed to the failure of any statute to direct that the court costs be used for a legitimate criminal-justice purpose and found that this failure alone sufficed to show that the statute imposing the court cost facially violated the separation-of-powers clause:

> Because the constitutional infirmity in this case is the statute's failure to *direct* the funds to be used in a manner that would make it a court cost (i.e., for something that is a [legitimate] criminal justice purpose), the statute operates unconstitutionally every time the fee is collected, making the statute unconstitutional on its face.[34]

The *Salinas* court underscored that it found the statute facially

---

[29] *See id*.

[30] *See id*. at 107 (reciting legal standard from *Peraza)*; *id.* at 109 n. 26 (asserting that the State and the dissenting judges misunderstood *Peraza* and stating what the *Salinas* court concluded is required under *Peraza*).

[31] *See id*. at 106–10; *Peraza*, 467 S.W.3d at 513–21.

[32] *See Salinas*, 523 S.W.3d at 106–10; *Peraza*, 467 S.W.3d at 513–21.

[33] *Compare Salinas*, 523 S.W.3d at 109 n. 26, *with Peraza*, 467 S.W.3d at 517.

[34] *Salinas*, 523 S.W.3d at 109 n. 26 (emphasis in original).

unconstitutional because the statute failed to direct the funds to be used for a legitimate criminal-justice purpose.[35] The high court stated that courts should base the determination of what constitutes a legitimate criminal-justice purpose on what the governing statute says about the intended use of the funds, not on whether the funds actually are used for a legitimate criminal-justice purpose.[36]

The *Salinas* case did not involve a statute under which the court recoups costs that are necessary and incidental to the trial of a criminal case, nor did *Salinas* involve a statute that was silent as to the allocation of the court costs collected.[37] The *Salinas* court used broad language and did not mention any exception for such statutes. *See id*. Even presuming that appellant's separation-of-powers challenge does not fall within the *Salinas* court's holding, the high court's statements constitute deliberate and unequivocal declarations of the law made after mature consideration and for future guidance of the bench and bar.[38] These judicial dicta bind this court.[39] Thus, *Salinas* requires this court to apply the legal standard in that case to all facial, separation-of-powers challenges to court-cost statutes.[40] In criminal appeals, this

---

[35] *See id*. at 109–10, nn. 26 & 36.

[36] *See id*. at 107.

[37] *See id*. at 106–10.

[38] *See Salinas*, 523 S.W.3d at 106–10; *Murray v. State*, 261 S.W.3d 255, 257 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex. Crim. App. 2009).

[39] *See Murray*, 261 S.W.3d at 257; *see also Cervantes-Guervara v. State*, 523 S.W.3d 827, 832 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding that when the Court of Criminal Appeals "has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation").

[40] *See Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36; *Hernandez v. State*, No. 01-16-00755-CR, 2017 WL 3429414, at 6–7 (Tex. App.—Houston [1st Dist.] Aug. 10, 2017, no pet. h.) (applying *Salinas* legal standard to court-court statute that was silent as to the allocation of the court costs collected and that involved the recoupment of costs necessary and incidental to the trial of a criminal case).

9

court must follow precedent from the Court of Criminal Appeals.[41] We lack authority to overrule or circumvent Court of Criminal Appeals precedent.[42]

Under the *Salinas* precedent, to show that a court-cost statute on its face violates the separation-of-powers clause, a challenger need only demonstrate that neither the court-cost statute nor any interconnected statute directs that the funds collected under the court-cost statute be expended for something that is a legitimate criminal-justice purpose.[43]

The *Salinas* standard applies to appellant's challenges to article 102.011(a)(3), even presuming that the statute involves recoupment of costs incurred by the county that are necessary and incidental to the trial of a criminal case, and even though the statute is silent as to the allocation of the court costs collected.[44] Though the high court worded the *Salinas* legal standard somewhat differently than it worded the *Peraza* legal standard, the *Salinas* legal standard is not inconsistent with the result in *Peraza* because the *Peraza* court indicated that the court-cost statutes and interconnected statutes directed that the funds collected be expended for something that is a legitimate criminal-justice purpose.[45]

*The Language of Article 102.011(a)(3)*

Article 102.011, entitled "Fees for services of Peace Officers," provides:

(a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:

---

[41] *See State of Texas ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex. Crim. App. 1974); *Gardner v. State,* 478 S.W.3d 142, 147 (Tex. App.–Houston [14th Dist.] 2015, pet. ref'd).

[42] *See Hatten*, 508 S.W.2d at 628; *Gardner*, 478 S.W.3d at 147.

[43] *See Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36; *Hernandez*, 2017 WL 3429414, at 6–7.

[44] *See Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36; *Hernandez*, 2017 WL 3429414, at *6–7.

[45] *See Peraza*, 467 S.W.3d at 513–21.

. . .

    (3) $5 for summoning a witness;

. . .

    (j) In this article, "conviction" has the meaning assigned by Section 133.101, Local Government Code.[46]

Article 102.011 does not allocate the witness-summoning fee to any specific fund, nor does the statute give any direction as to how the funds collected should be expended.[47] Under article 102.011's unambiguous language, the statute does not direct that the funds collected be expended for something that is a legitimate criminal-justice purpose.[48]

    The standard demands that statutes spell out the connections rather than leave others to connect the dots. In the simplest terms, that funds *could* be used for a legitimate criminal-justice purpose does not suffice.[49] We must look to what article 102.011 and any interconnected statute say about the intended use of the funds — not to the *actual* use of the funds.[50] The *Salinas* court concluded that directing court costs to fund the "Comprehensive Rehabilitation" account — a general-revenue fund dedicated to providing rehabilitation services — violated the Texas Constitution's separation-of-powers clause.[51] In rejecting the argument that the account assists individuals with rehabilitation from injuries that easily could be caused by crime, the Court of Criminal Appeals noted that the statute did not (1) describe the functions or services being funded, (2) impose a criminal-justice restriction on the use of the

---

[46] Tex. Code Crim. Proc. Ann. art. 102.011.

[47] *See id.*

[48] *See id.*; *Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36.

[49] *See Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36; *Hernandez*, 2017 WL 3429414, at 6–7.

[50] *See Salinas*, 523 S.W.3d at 106–10, nn. 26 & 36; *Hernandez*, 2017 WL 3429414, at 6–7.

[51] *See Salinas*, 523 S.W.3d at 107–08.

funds, or (3) mention a criminal-justice purpose.[52] Under *Salinas's* separation-of-powers analysis, to pass constitutional muster, article 102.011 or an interconnected statute must direct that the funds collected be expended for something that is a legitimate criminal-justice purpose.[53]

Like Local Government Code section 133.102, which the Court of Criminal Appeals found unconstitutional in *Salinas*, article 102.011 fails to limit the use of the funds collected to serving a criminal-justice purpose.[54] Article 102.011 does not address how the funds collected should be expended or where they should be held.[55] Under article 102.011's plain language, the statute does not direct that the funds collected be expended for something that is a legitimate criminal-justice purpose.[56]

The State argues that nothing in the plain language of article 102.011 directs that the funds collected under article 102.011(a)(3) be paid into a general revenue fund or be expended for a purpose that is not a legitimate criminal-justice purpose. But, under the *Salinas* standard, none of that is required. A failure of any statute to direct that the funds collected under the court-cost statute be expended for a legitimate criminal-justice purpose suffices to show that the court-cost statute facially violates the separation-of-powers clause.[57] Thus, under *Salinas*, article 102.011's silence as to whether the funds collected under article 102.011(a)(3) should be expended for something that is a legitimate criminal-justice purpose does

---

[52] *See id.* at 108.

[53] *See id.* at 106–10, nn. 26 & 36.

[54] *Compare* Local Govt. Code Ann. § 133.102 (West, Westlaw through 2017 1st C.S.) *with* Tex. Code Crim. Proc. Ann. art. 102.011.

[55] *See* Tex. Code Crim. Proc. Ann. art. 102.011.

[56] *See Salinas* at 106–10, nn. 26 & 36.

[57] *See id.*

not avoid a violation of the separation-of-powers clause.[58]

The majority and the State contend article 102.011 directs that the funds collected under article 102.011(a)(3) be expended for the "reimbursement of the peace officer who performed the service of summoning a witness in this case."[59] The majority also concludes that the witness-summoning fee "is an actual recoupment of the out of pocket expenses incurred for summoning witnesses."[60]

In answering the legal question, we cannot change the legal standard. Nor can this court read saving language into the statutory text. The statute simply says that "[a] defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer: . . . $5 for summoning a witness."[61] Under the unambiguous language of the statute the convicted defendant must pay a fee based on a peace officer's services in summoning a witness.[62] The statute does not provide that the witness-summoning fee is an actual recoupment of out-of-pocket expenses incurred for summoning witnesses.

It is not our role to fix statutes. That power belongs to the Legislature. Our job is to say whether the statute as written meets the high court's test.

The statute does not state that the purpose of the fee is to reimburse the peace officer.[63] Article 102.011 does not state that the funds collected under article

---

[58] *See id.*

[59] *See ante* at 15.

[60] *See ante* at 16.

[61] Tex. Code Crim. Proc. Ann. art. 102.011.

[62] *See id.*

[63] *See id.*

102.011(a)(3) should be expended for the reimbursement of any peace officer.[64]  The fact that a peace officer's services in summoning a witness trigger this fee does not mean that the fee's purpose is to reimburse the peace officer or the peace officer's employer.  Even if reimbursement of a peace officer or the peace officer's employer would be  a legitimate criminal-justice purpose, article 102.011 does not direct that the funds collected under article 102.011(a)(3) be expended for this purpose.[65]

A divided panel of the First Court of Appeals recently issued the *Allen* case, concluding that article 102.011(a)(3) does not facially violate the separation-of-powers clause.[66]  The *Allen* court did not address whether article 102.011(a)(3) satisfies the *Salinas* standard but it suggested that the statute does not.[67]  Adding on to what the high court said, the *Allen* court concluded that the *Salinas* standard does not apply to court costs that are used to reimburse criminal-justice expenses incurred in connection with that criminal prosecution.[68] According to the *Allen* court, the *Peraza* court held "that at least two types of fees assessed as court costs are constitutionally permissible: (1) court costs to reimburse criminal-justice expenses incurred in connection with that criminal prosecution and (2) court costs to be expended in the future to off-set future criminal-justice costs."[69]  The *Allen* court reasoned that *Peraza* created one legal standard for court costs that reimburse expenses incurred in connection with that criminal prosecution and another legal

---

[64] *See id.*

[65] *See id.*

[66] *See Allen v. State*, No. 01-16-00768-CR, 2018 WL 4138965, at *4–9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. granted).

[67] *See id.* at *8–9.

[68] *See id.* at *7–9.

[69] *Id.* at *7.

standard for all other court costs.[70]  According to the *Allen* court, the *Salinas* court dealt with the second legal standard and did not change the first legal standard under *Peraza*.[71]  Applying an analysis similar to that used by the *Allen* court, the majority concludes that if a statute imposes court costs directly related to the recoupment of costs of judicial resources expended in connection with the prosecution of criminal cases, then under *Peraza*, the statute does not facially violate the Texas Constitution's separation-of-powers provision, even if no statute directs the funds collected to be used for something that is a legitimate criminal-justice purpose.[72] But, the directing-the-use-of-funds component is the centerpiece of the *Peraza/Salinas* legal standard.  Eliminating it changes the standard — and potentially the outcome.

The *Allen* court and the majority have misinterpreted *Peraza* and *Salinas*.  The *Peraza* court articulated a single legal standard for deciding whether a party has shown that a court-cost statute facially violates the Texas Constitution's separation-of-powers provision. The *Peraza* court did not say this standard would differ depending on the type of court-cost statute under scrutiny.[73]  The *Salinas* court re-stated this single legal standard in a similar way, using slightly different words.[74] Applying the *Salinas* standard to appellant's fourth issue, the failure of article 102.011 or an interconnected statute to direct the funds collected to be used for something that is a legitimate criminal-justice purpose would mean article

---

[70] *See id.*

[71] *See id.* at *8–9.

[72] *See ante* at 16.

[73] *See Peraza*, 467 S.W.3d at 513–21.

[74] *See Salinas* at 106–10; *Peraza*, 467 S.W.3d at 513–21.

102.011(a)(3) facially violates article II, section I of the Texas Constitution.[75]

This court should (1) conclude that under precedent from the Court of Criminal Appeals, to be constitutional article 102.011(a)(3) or an interconnected statute must direct the funds collected to be used for something that is a legitimate criminal-justice purpose; (2) hold that article 102.011(a)(3) does not direct the funds collected to be used for something that is a legitimate criminal-justice purpose; and (3) determine whether any interconnected statute directs that the funds collected be used for something that is a legitimate criminal-justice purpose. Because the court fails to do so, I respectfully dissent.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison. (Jamison, J., majority).
Publish — Tex. R. App. P. 47.2(b).

---

[75] *See Salinas* at 106–10; *Peraza*, 467 S.W.3d at 513–21.

16