

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-22-00619-CR

Bryan William **COLUMBUS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 639308
Honorable Timothy Johnson, Judge Presiding

Opinion by: Lori Massey Brissette, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Lori I. Valenzuela, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting en banc: Rebeca C. Martinez, Chief Justice
      Irene Rios, Justice
      Lori I. Valenzuela, Justice
      Lori Massey Brissette, Justice
      Adrian A. Spears II, Justice
      H. Todd McCray, Justice
      Velia J. Meza, Justice

Delivered and Filed: June 30, 2025

    I join the majority opinion in full and write separately to address why the $100 fine required

by article 42A.504(b) does not alter the analysis as to whether an affirmative finding of family

violence is part of the sentence and to address why the failure to assess the fine does not result in

a void sentence. I respectfully submit that our statutory analysis must consider this $100 fine and the interplay of articles 42.013 and 42A.504.

Statutory construction requires us to harmonize provisions that work together. *See State v. Heath*, 696 S.W.3d 677, 689 (Tex. Crim. App. 2024) ("We do not focus solely upon a discrete provision; we look at other statutory provisions as well to harmonize provisions and avoid conflicts."); *Murray v. State*, 302 S.W.3d 874, 877 (Tex. Crim. App. 2009) ("It is apparent from a reading of articles 4.06 and 37.09 [of the Texas Code of Criminal Procedure] that the Legislature intended the provisions to work together[.]").

Article 42.013 requires an affirmative finding of family violence be included in the judgment. *See* TEX. CODE CRIM. PRO. ANN. art. 42.013 ("In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case."). Article 42A.504(b) requires, with a family-violence finding, that a defendant pay a $100 fine to a family violence center. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.504(b) ("If a judge grants community supervision to a defendant convicted of an offense under Title 5, Penal Code, that the court determines involves family violence, the judge shall require the defendant to pay a fine of $100 to a family violence center[.]").

The $100 fine required by article 42A.504(b) — as a mandatory, collateral consequence of a family-violence finding — could make the finding itself be a punishment, requiring oral pronouncement, as appellant argues in his en banc brief. Moreover, as here, the failure to assess a fine with a family-violence finding raises void-sentence concerns if the fine is indeed a punishment.[1] *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that

---

[1] The Texas Court of Criminal Appeals has previously indicated that the label "fines" suggests something "clearly punitive in nature." *See Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (discussing fines imposed

is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. . . . There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence.").

However, for me, consideration of article 42A.504 does not change the majority's interpretation of article 42.013. Texas Code of Criminal Procedure Chapter 42 concerns "Judgment and Sentence." *See* TEX. CODE CRIM. PROC. ANN. Ch. 42 (Judgment and Sentence). "The sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." *Id.* art. 42.02. Within Chapter 42 is found the requirement that a sentence generally must be pronounced in a defendant's presence. *See id*. art. 42.03.

Code of Criminal Procedure Chapter 42A concerns "Community Supervision." *See id.* Ch. 42A (Community Supervision). "'Community supervision' means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which: (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part." *Id.* art. 42A.001(1). Article 42A.053 allows: "A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may: (1) suspend the imposition of the sentence and place the defendant on community supervision; or (2) impose a fine applicable to the offense and place the defendant on community supervision." *Id.* art. 42A.053(a).

---

pursuant to Texas Penal Code Chapter 12, entitled "Punishments"); *see also Burg v. State*, 592 S.W.3d 444, 451 (Tex. Crim. App. 2020) (listing fines as something "clearly 'in' the closed curve of things that can make a 'sentence' legal or illegal").

Together these provisions provide 1) that community supervision is a continuum of programs and sanctions, *see id.* art. 42A.001(1), 2) which may be imposed prior to sentence or after sentence, *see id.* arts. 42A.001(1), 42A.053(a), and 3) such community-supervision programs and sanctions are separate from the punishment ordered to be carried out by a sentence. *See id.* art. 42.02; *see also Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) ("[C]ommunity supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence.").

Thus, the $100 fine required by a defendant if a judge grants community supervision and makes a family-violence finding, is not a fine imposed as part of the punishment. *See* TEX. CODE CRIM. PROC. ANN. art 42A.504(b); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'"). Instead, the $100 fine, which is included in Chapter 42A in a section entitled "Community Supervision for Certain Offenses Involving Family Violence; Special Conditions," is part of the continuum of sanctions that makes up community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.001(1), 42A.504(b). A trial judge is specifically authorized to impose this $100 fine — not as a part of the punishment assessed, *see* TEX. PENAL CODE ANN. § 12.01(a); TEX. CODE CRIM. PRO. ANN. art. 42.02 — but pursuant to article 42A.504, as a condition of probation. *See id.* art. 42A.504(b). More generally, a trial court is allowed to impose the fine as a condition of community supervision under article 42A.651(a), which allows as a condition of community supervision a "fine," *see id.* art. 42A.651(a)(1),[2] or a "payment ordered as a condition that relates

---

[2] Like restitution, which can be punitive or a condition of probation, here the $100 "fine" is not punitive but is a condition of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.504(b); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) ("We have held that restitution is punishment[.]"); *Burg*, 592 S.W.3d at 451 (excluding from items that must be in a sentence: "terms of community supervision (including restitution when it is a condition of probation)").

personally to the rehabilitation of the defendant *or that is otherwise expressly authorized by law*." *See id.* art. 42A.651(a)(3) (emphasis added).

In short, the $100 fine required by article 42A.504(b) as a condition of community supervision upon a trial court's family-violence finding is not part of the punishment that must be included in a sentence. Consequently, article 42A.504 does not suggest that a family-violence finding under article 42.013 is a punishment. As neither the fine nor the finding are punishments, this case raises no void-sentence issues. *Cf. Steele v. State*, No. PD-0427-24, 2024 WL 5148573, at *4 (Tex. Crim. App. Dec. 18, 2024) (holding defendant waived appellate issue regarding imposition of $100 payment to women's shelter, which trial court required as condition of community supervision).

Rebeca C. Martinez, Chief Justice